IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
December 7, 2000 Session

# JOHN W. ROGERS, SR. v. THE ESTATE OF NEWTON LEE RUSSELL, LARRY W. HOLBERT, PERSONAL REPRESENTATIVE

Appeal from the Probate Court for Blount County
No. 98-17-152    Hon. Hugh E. Delozier, Jr., Judge

FILED JANUARY 16, 2001

No. E2000-01054-COA-R3-CV

Plaintiff's claim in Probate Court against the estate of his stepfather was denied by the Probate Court because it was not filed timely. The Probate Court advised Plaintiff, who appeared at the hearing pro se, that he should seek counsel if he wished to challenge the ruling of the Probate Court. Although Plaintiff immediately retained counsel, no further action was taken on the matter for eleven months. With new counsel, Plaintiff then filed a Motion to Set Aside Order Denying Claim pursuant to Tenn. R. Civ. P. Rule 60.02. This Motion was heard on the pleadings, documents in the case file, including the Affidavit of Plaintiff, and arguments of counsel. The Probate Court dismissed the Motion. We affirm the Judgment of the Probate Court.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed; Case Remanded**

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and CHARLES D. SUSANO, JR., J., joined.

James C. Cone, Knoxville, Tennessee, for Appellant, John W. Rogers, Sr.

Angelia D. Morie, Maryville, Tennessee, For Appellee, the Estate of Newton Lee Russell.

**OPINION**

## Background

Mr. Newton Lee Russell prepared a will on July 8, 1998, and died on August 7, 1998, at the age of 93. His wife, Ms. Lucy Russell, had predeceased him in 1987. Also in 1987, Mr. Russell apparently had prepared an earlier will, which came into the possession of his stepson, Mr. John W. Rogers, Sr. (Plaintiff/Appellant). Mr. Rogers is the son of Lucy Russell.

When Mr. Russell died in 1998, his friend, Mr. Larry Holbert, who later was appointed as Personal Representative of the Estate of Mr. Russell (Defendant/Appellee), contacted Mr. Rogers to inform him of his stepfather's death. On August 10, 1998, Mr. Holbert filed a petition to probate the July 8, 1998 will in Blount County General Sessions Court, Probate Division. That petition listed "J. W. Rogers, step-son," residing in Maryland, and "Larry Holbert, friend," residing in Walland, Tennessee, as devisees and legatees of the decedent. On August 11, 1998, the Probate Court admitted the July 8, 1998 will to probate and appointed Mr. Holbert as personal representative. That will devised all of Mr. Russell's estate to Mr. Holbert and Carol Holbert. On that same date, a Knoxville attorney representing Mr. Rogers sent a letter to Mr. Holbert, advising him that Mr. Rogers was in possession of Mr. Russell's will of November 4, 1987, that Mr. Rogers planned to enter that 1987 will for probate, and that Mr. Rogers was aware of no other will. The attorney asked whether Mr. Holbert knew of any other will and asked Mr. Holbert to contact him immediately. In a post script, the attorney advised that, in the absence of another will, the contents of the decedent's house belonged to Mr. Rogers and that Mr. Holbert should take nothing from the property. The attorney for the estate apparently replied to that inquiry by letter of August 20, 1998. The Notice to Creditors of the estate was published in *The Maryville Daily Times* newspaper in Maryville, Tennessee, on August 19 and 26, 1998. Mr. Holbert, as Personal Representative, filed an Affidavit with the Probate Court stating that he sent the required Notice to Creditors to each creditor of the estate.

Almost six months later, on February 17, 1999, Mr. Rogers filed a claim against the estate, seeking various items of personalty, $21,242 in proceeds from the sale of real property, and damages described as "Mr. Holbert broke concrete pad to [Mr. Rogers'] shed with his tractor." The attorney for the estate filed an Exception to Claim on behalf of Mr. Holbert as Personal Representative, challenging the claim on the basis that it was not filed timely. The Exception averred that Mr. Rogers had actual knowledge of the filing of the Last Will and Testament of Mr. Russell because a copy of the will was sent to Mr. Rogers' attorney on August 20, 1998.

A hearing on Mr. Rogers' Claim and the Exception was held on March 31, 1999, and Mr. Rogers appeared pro se. There is some disagreement about the discussion which occurred between the Probate Court and Mr. Rogers at that time, but there is no dispute that the Court advised Mr. Rogers to seek counsel which Mr. Rogers did immediately after the hearing. The Probate Court entered its Order on April 5, 1999, denying Mr. Rogers' claim because it was not filed within four months of the date of publication of Notice to Creditors, as required by Tenn Code Ann. § 30-2-306. The Probate Court also found that Mr. Rogers had failed to prove that he was entitled to Receipt of

Notice in accordance with Tenn Code Ann. § 30-2-306. Despite the unfavorable result, then-counsel for Mr. Rogers did not ask that the Judgment be amended and did not appeal the Judgment. Mr. Rogers states:

> . . . I was informed that they would represent me and then they decided not to represent me further. I made several inquiries with telephone calls and letters, but my inquiries went unanswered by the firm. I subsequently retain the firm of Jenkins & Jenkins Attorneys, PLLC. After retaining that firm, I learned for the first time in January, 2000 that on April 5, 1999 the Court entered an Order denying my Claim against the Estate. I had no knowledge, prior to January 2000, that this Order was entered, and despite the fact that the Order indicates it was mailed to me on April 1, 1999, I have never received a copy nor have I ever seen this Order.

On March 8, 2000, Mr. Rogers, represented by new counsel, filed a Motion pursuant to Tenn. R. Civ. P. Rule 60.02 to set aside the Order denying his claim against the estate. The Motion was heard on April 12, 2000, on the pleadings, documents in the case file, and arguments of counsel, without other testimony. The Probate Court found that Mr. Rogers sought no relief from the Judgment entered April 5, 1999, until March 8, 2000, despite his options to move for reconsideration or to appeal, and, therefore, the Motion to Set Aside the Order Denying Claim was not made timely. Accordingly, the Probate Court dismissed the Motion. Mr. Rogers appeals the order denying his Rule 60.02 motion.

### Discussion

Mr. Rogers raises three issues, which we quote:

I.     The Probate Court committed reversible and prejudicial error and abused its discretion by denying the plaintiff's Motion to Set Aside Order Denying Claim of John W. Rogers, Sr. against the estate pursuant to rule 60.02, Tenn. R. Civ. P.

II.    The Probate Court committed reversible and prejudicial error by concluding that it was the burden of the plaintiff to show that he was a creditor who was entitled to notice from the personal representative pursuant to T.C.A. § 30-2-306.

III.   The Probate Court committed reversible and prejudicial error by concluding that the plaintiff's Motion to Set Aside Order Denying Claim of John W. Rogers, Jr. against the estate was not timely filed.

We first note that we do not have before us an appeal of the April 5, 1999 order denying Mr. Rogers' claim. What is before us on appeal is the Probate Court's order denying Mr. Rogers' Rule 60.02 motion.

We address Mr. Rogers' first and third issues together. In doing so, we must determine whether the Trial Court abused its discretion in dismissing Mr. Rogers' Rule 60.02 Motion as not having been filed timely. Mr. Rogers argues that "the exceptional and extraordinary circumstances surrounding the entry of the April 5, 1999 Order denying the plaintiff's Claim require, in the interest of justice, that the plaintiff have relief from [that order] pursuant to Rule 60.02(1), (2) and/or (5), Tenn. R. Civ. P. . . ." The rule provides:

**Rule 60.02 Mistakes; Inadvertence; Excusable Neglect; Fraud, etc.**

On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons:
(1) mistake, inadvertence, surprise or excusable neglect;
(2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
* * *
(5) any other reason justifying relief from the operation of the judgment.

To set aside a judgment under Rule 60.02, the movant has the burden to prove that he is entitled to relief, and there must be proof of the basis on which relief is sought. *Banks v. Dement Const. Co., Inc.,* 817 S.W.2d 16, 18 (Tenn. 1991); *Federated Ins. Co. v. Lethcoe*, 18 S.W.3d 621, 623-624 (Tenn. 2000). A motion for relief from a judgment pursuant to Rule 60.02 addresses the sound discretion of the trial judge, and the scope of review on appeal is limited to whether the trial judge abused his discretion. *Banks,* 817 S.W.2d at 18. Rule 60.02 "was designed to strike a proper balance between the competing principles of finality and justice." *Id., quoting Jerkins v. McKinney,* 533 S.W.2d 275, 280 (Tenn. 1976). Rule 60.02 "acts as an escape valve from possible inequity that might otherwise arise from the unrelenting imposition of the principle of finality imbedded in our procedural rules." *Id., quoting Thompson v. Fireman's Fund Ins. Co.,* 798 S.W.2d 235, 238 (Tenn. 1990). Because of the importance of this "principle of finality," the "escape valve" should not be easily opened. *Id., quoting Toney v. Mueller Co.*, 810 S.W.2d 145, 146 (Tenn. 1991). The determinative issue on appeal is whether the trial court abused its discretion in finding that Mr. Rogers' Motion for Relief from Judgment pursuant to Rule 60.02(1), (2) and/or (5) should be dismissed as not having been filed timely.

Rule 60.02 requires that a motion filed thereunder "be made within a reasonable time." The question of whether a Rule 60.02 motion for relief from judgment has been filed within a reasonable time after entry of judgment is a question of fact, and not one of law. *Thompson,* 798 S.W.2d at 238. In addition to the requirement of filing "within a reasonable time" applicable to all

Rule 60.02 motions, a Rule 60.02 motion filed for reasons (1) or (2) must be filed no later than one year after the judgment or order was entered. *Thompson,* 798 S.W.2d at 238, *citing Wooley v. Gould, Inc.,* 654 S.W.2d 669, 672 (Tenn. 1983) (". . . a request to reopen based on fraud, even though filed within one year, might still be untimely 'if the trial court finds, as a matter of fact, that the movant has not acted reasonably and that he could have fairly and reasonably been expected to file the motion much more promptly.' "); *Killion v. Tennessee Dept. of Human Services,* 845 S.W.2d 212, 213 (Tenn. 1992). One year is the "outer limit on the time allowed for filing the motion" under 60.02(1) or 60.02(2). *Ellison v. Alley,* 902 S.W.2d 415, 417 (Tenn. Ct. App. 1995).

Although Appellant cites *Dunlap v. Dunlap,* 996 S.W.2d 803 (Tenn. Ct. App. 1998) for the proposition that a motion under Rule 60.02(1) or (2) filed within one year is always timely filed, we do not interpret *Dunlap* to so hold. We quote from our Opinion in that case:

> Rule 60.02 requires that a motion filed thereunder "be made within a reasonable time." *Id.* Where a Rule 60.02 motion is filed for reasons (1) or (2), however, the party seeking relief must file the motion within one year after the judgment or order was entered. *Id.*

We read the holding in *Dunlap,* when considered along with the Rule and the Supreme Court's holding in *Wooley,* 654 S.W.2d at 670, to mean that motions under Rule 60.02 (1) and (2) must be filed *both* within a reasonable time *and* within one year after the judgment or order was entered. *See also,* LAURENCE A. PIVNICK, TENNESSEE CIRCUIT COURT PRACTICE, § 28-6 (1999 ed.):

> Relief under clauses (1) and (2) must be made within a reasonable time but no more than one year after the final judgment, order, or proceeding was entered or taken. Relief under clauses (3) through (5) is subject to only a "reasonable time" limitation.

The Trial Court in *Dunlap* granted the Rule 60.02 motion, and this Court affirmed the ruling, thus properly applying our standard of review, which requires us to affirm unless we find that the Trial Court abused its discretion. In this case, however, the Probate Court denied the Rule 60.02 motion even though it was filed within the one year cap applicable to clause (1) and (2). We must apply the same "abuse of discretion" standard of review in evaluating the Trial Court's finding of fact that the Rule 60.02 Motion was untimely in this case as not having been filed within a reasonable time.

Mr. Rogers also sought relief under Rule 60.02(5). As stated, motions under Rule 60.02 (3) through (5) do not face a one year outside time limit, but are subject only to a "reasonable time" limitation. Tennessee has chosen to construe Rule 60.02(5) narrowly. It is to be invoked only in cases of overwhelming importance, or those involving extraordinary circumstances or extreme hardship. *Underwood v. Zurich Ins. Co.,* 854 S.W.2d 94. 97 (Tenn. 1993). Further, Rule 60.02(5) is not for the purpose of relieving a party from free, calculated, and deliberate choices he had made. A party remains under a duty to take legal steps to protect his own interests. *NCNB Nat. Bank of North Carolina v. Thrailkill,* 856 S.W.2d 150, 154 (Tenn. Ct. App. 1993).

In this case, the Probate Court's Judgment denying Mr. Rogers' Claim against the estate was filed on April 5, 1999. Five days earlier, on March 31, 1999, the Trial Court suggested to Mr. Rogers, who appeared pro se, that he obtain the services of an attorney to protect his rights. Mr. Rogers immediately obtained counsel but, inexplicably, no action was taken in the Probate Court or to perfect an appeal for some eleven months until Plaintiff's Rule 60.02 motion was filed. At some point, Mr. Rogers sought new counsel, who, faced with a time bar against filing an appeal, filed the Rule 60.02 Motion on March 8, 2000. This is not the purpose of Rule 60.02. The Probate Court's order denying Mr. Rogers' Rule 60.02 motion contains a detailed and chronological listing of pertinent facts as found by the Probate Court. It was based upon this detailed findings of fact that the Probate Court, in its discretion, found this eleven month delay to be unreasonable under Rule 60.02. On the record before us, we find no abuse of discretion by the Probate Court in its determination of this question of fact, that the Rule 60.02 motion was not filed timely.

Our decision resolving issues one and three raised by Mr. Rogers is dispositive of this appeal. Therefore, we need not address Mr. Rogers' second issue.

## CONCLUSION

The judgment of the Trial Court is affirmed and this cause is remanded to the Trial Court for such further proceedings as may be required, if any, consistent with this Opinion, and for collection of the costs below. The costs on appeal are assessed against the Appellant, John W. Rogers, Sr., and his surety.

_____
D. MICHAEL SWINEY, JUDGE