IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
September 27, 2002 Session

## STATE OF TENNESSEE EX REL. DOROTHY ELLEN PHILLIPS v. JAMES DANIEL PHILLIPS

**Appeal from the Chancery Court for Scott County**
**No. 6818      Billy Joe White, Chancellor**

**FILED NOVEMBER 26, 2002**

**No. E2001-02081-COA-R3-CV**

_____

This is a post-divorce case involving child support issues. James Daniel Phillips ("Father") appeals the order below, in which the trial court held that it lacked the authority to reduce the child support arrearage due Father's former spouse, Dorothy Ellen Phillips ("Mother"). Father argued below that he had recently discovered that one of his "children" is not actually his biological child. He contends that this entitles him to the requested relief. Father further challenges the trial court's refusal to declare his 1990 divorce judgment invalid on the ground that it was not signed by Father who was then proceeding *pro se*. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court
Affirmed; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and D. MICHAEL SWINEY, J., joined.

Janette Lay Taylor, Oneida, Tennessee, for the appellant, James Daniel Phillips.

Paul G. Summers, Attorney General and Reporter, and Stuart F. Wilson-Patton and Warren Jasper, Assistant Attorneys General, Nashville, Tennessee, for the appellee, State of Tennessee *ex rel.* Dorothy Ellen Phillips.

**OPINION**

I.

Mother and Father were married on February 14, 1983. On October 3, 1984, Mother gave birth to James Ermon Phillips ("James"). On March 30, 1988, Mother gave birth to another child, Jack Daniel Phillips ("Jack Daniel"). On March 23, 1990, Mother was granted an uncontested divorce on the ground of cruel and inhuman treatment. Father had answered the complaint *pro se*.

He filed what was denominated an "Answer & Waiver" in which he "waive[d] notice of hearing..., and agree[d] for [Mother] to secure a divorce." Father was never represented by counsel in the divorce case, and he did not sign the judgment granting the divorce.[1] According to the judgment, Mother was granted custody of both children. Father was ordered to pay $300 per month as support for the children. Between 1990 and 1998, custody of the children changed back and forth between the parties. While the children were in Mother's custody, Father was to pay child support. During this period, Father rarely kept his payments current, paying less than $1,500 *in toto*. By 1998, Father had accumulated an arrearage totaling more than $24,000. Several orders were entered memorializing the ever-increasing arrearage and Father was cited for contempt on a number of occasions. Father was present for some of the proceedings and absent for others. Since 1998, Father has had primary custody of James at his home in Florida, where the child attends school. Mother has had exclusive custody of Jack Daniel at her home in Tennessee.

On March 16, 2000, the trial court entered another order addressing Father's child support arrearage. The order was in response to a petition filed by the Scott County Attorney General. Shortly thereafter, on April 18, 2000, Father filed a motion for "temporary relief" from the most-recent court order. Father, who was then represented by counsel, alleged that the payments recently-ordered by the court ($150 per month for Jack Daniel, plus additional court-ordered payments toward the arrearage) were excessive in that they amounted to more than 50% of his income. Father also contended that he had deeded real property to Mother in full satisfaction of the arrearage for which he received no credit under the order.[2] In addition, Father asserted that it would be inequitable to require him to pay the arrearage for Jack Daniel because a paternity test had revealed that he was not this child's biological father. Father asked for prospective relief from paying any future child support for this child and retrospective relief from the accumulated arrearage with respect to him. Father also argued that the judgment granting the divorce and initially establishing the level of child support is void because neither he nor any counsel acting on his behalf signed it. Under his theory, Father asked that the support levels set out in the divorce judgment be set aside and that the court prospectively and retrospectively recalculate his child support obligation under the child support guidelines. By amendment to his motion, Father relied upon Tenn. R. Civ. P. 60.02. He made specific allegations that seem to bring into play Rule 60.02 (3) & (4), which provisions provide as follows:

> On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons:...(3) the judgment is void; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise

---

[1] The divorce judgment was signed by Mother's counsel. It does not contain a certificate of service on Father. *See* Tenn. R. Civ. P. 58.

[2] Father does not raise the issue of credit for property deeded to Mother on this appeal.

vacated, or it is no longer equitable that a judgment should have prospective application;....

## II.

## A.

A petition for relief under Rule 60.02 addresses itself to the sound discretion of the trial court. *Rogers v. Estate of Russell*, 50 S.W.3d 441, 445 (Tenn. Ct. App. 2001). Accordingly, we review such decisions under an abuse of discretion standard. *Id*. We have addressed this standard of review thusly:

> Discretionary decisions must take applicable law into account and must be consistent with the facts before the court. *See Ballard v. Herzke*, 924 S.W.2d 652, 661 (Tenn. 1996) (holding that the trial court must give due consideration to the applicable law and facts). Thus, the appellate courts will set aside a trial court's discretionary decision only when the decision is based on a misapplication of the controlling legal principles or on a clearly erroneous assessment of the evidence.

*Overstreet v. Shoney's, Inc.*, 4 S.W.3d 694, 709 (Tenn. Ct. App. 1999).

## B.

Father contends that since he has shown that he is not the natural father of Jack Daniel, he is entitled to have his outstanding child support arrearage forgiven insofar as it relates to Jack Daniel's support. Unfortunately for Father, there is a statute that clearly precludes the relief he seeks:

> Any order for child support shall be a judgment entitled to be enforced as any other judgment of a court of this state and shall be entitled to full faith and credit in this state and in any other state. Such judgment shall not be subject to modification as to any time period or any amounts due prior to the date that an action for modification is filed....

Tenn. Code Ann. § 36-5-101(a)(5) (Supp. 2002). The trial court did grant Father some relief. It decreed that he would not be responsible for Jack Daniel's *future* support. However, the above-quoted statutory language explicitly precludes the retrospective modification of the child support arrearage. The statute provides no exception for a case such as the one now before us on this appeal. The Supreme Court stated in *Rutledge v. Barrett*, 802 S.W.2d 604, 606-07 (Tenn. 1991):

[The former] § 36-5-101 permitted reduction of arrearages when the obligor was "unable to pay through no fault of his own" and when retroactive modification was necessary "to meet the ends of justice."

Those provisions are conspicuously absent from the provision in § 36-5-101(a)(5), which now controls this case. The 1987 amendment specifically bars retroactive modification and puts the burden on the obligor to come into court and seek any current or prospective relief to which he may be entitled, by means of a formal court order. To permit the interposition of traditional equitable defenses to the enforcement of child support orders would obviously defeat the very purpose of the amendment, by creating a situation where exceptions could easily swallow up the rule.

The 1987 revision to the statute bars courts from using equity to retrospectively modify child support awards. We are without authority to relieve Father of his child support arrearage with respect to Jack Daniel.

### C.

As an alternative ground for relief, Father asserts that the judgment imposing the obligation of support is void because it fails to comply with the mandate of Tenn. R. Civ. P. 58.[3] This rule sets forth certain requirements for signatures on judgments. Father asserts that the divorce judgment is not effective to impose an obligation upon him. Furthermore, he asserts that all subsequent orders, being based upon the initial judgment, are also without force. The trial court found that the divorce judgment was not void. Instead, the court found that it was merely voidable, and declined to invalidate it. The Tennessee Supreme Court has quoted some treatise language regarding the criteria for determining whether a judgment is void:

---

[3]Rule 58 provides, in pertinent part, as follows:

Entry of a judgment or an order of final disposition is effective when a judgment containing one of the following is marked on the face by the clerk as filed for entry:

(1) the signatures of the judge and all parties or counsel, or

(2) the signatures of the judge and one party or counsel with a certificate of counsel that a copy of the proposed order has been served on all other parties or counsel, or

(3) the signature of the judge and a certificate of the clerk that a copy has been served on all other parties or counsel.

\* \* \*

The Chancery Court is a Superior Court of general Equity jurisdiction, and all of its decrees are presumed to be valid[...]unless it affirmatively appears, on the face of the record itself: (1) that the Court had no general jurisdiction of the subject matter of the litigation; or (2) that the decree itself is wholly outside of the pleadings, and no binding consent thereto is shown in the record; or (3) that the Court had no jurisdiction of the party complaining, in person or by representation of interest; in which case it is void only as to such party, or his privies.

A decree is absolutely void if it appears on the face of the record itself either that the Court had no general jurisdiction of the subject matter, or that the decree is wholly outside of the pleadings, and no consent thereto appears. A decree is void as to any person shown by the record itself not to have been before the Court in person, or by representation. A decree not *prima facie* void is valid and binding, until it is either (1) reversed by the Supreme Court, or by the Court of Appeals; or (2) is set aside on a complaint filed to impeach it.

\* \* \*

*Gentry v. Gentry*, 924 S.W.2d 678, 680 (Tenn. 1996) (quoting from William H. Inman, Gibson's Suits in Chancery § 228 at 219-20 (7th ed. 1988)). In the 1990 divorce case, the court had proper subject matter jurisdiction to adjudicate this matter. The judgment granted a divorce and was clearly within the scope of the pleadings. The court had personal jurisdiction over Father, and Father received proper service of process. Therefore, the judgment is not void and cannot be attacked under a rule that provides for relief from a "void" judgment.

Even were we to hold that the divorce judgment falls within the Supreme Court's definition of voidness, we would still hold that Father's petition comes too late. Tenn. R. Civ. P. 60.02 requires that petitions for relief from void judgments be made "within a reasonable time." Ten years elapsed between the date of entry of the divorce judgment and the filing of Father's petition. Obviously, ten years is not a reasonable period of time under the facts of this case. *See Smith v. Argonaut Ins.*, No. 01S01-9504-CV-00059, 1996 Tenn. LEXIS 181, at \*2-\*3 (Tenn. Sp. Workers' Comp. Panel M.S., filed March 22, 1996) (upholding trial court's determination that two years after entry of order not reasonable); *State ex rel. Cox v. Jones*, 1989 Tenn. App. LEXIS 679, at \*5 (Tenn. Ct. App. W.S., filed October 18, 1989) (stating that a petition filed almost eight years after entry of judgment obviously not timely). Father has appeared at previous hearings regarding the enforcement of the divorce judgment and never raised the validity of that document as a defense. Based on these facts, the trial court indicated that this petition was not brought within a reasonable period of time. The trial court did not abuse its discretion in reaching this conclusion, which conclusion is entirely consistent with applicable law.

III.

The order of the trial court is affirmed.  Costs on appeal are taxed to James Daniel Phillips. This case is remanded to the trial court for enforcement of the trial court's order and for collection of costs assessed below, all in accordance with applicable law.

_____
CHARLES D. SUSANO, JR., JUDGE