IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
April 22, 2004 Session

## IN THE MATTER OF: T.S.R.

**Direct Appeal from the Juvenile Court for Shelby County**
**No. G4085      Kenneth A. Turner, Judge**

_____

### No. W2003-01321-COA-R3-JV - Filed June 17, 2004

_____

The juvenile court entered an order declaring Appellant the father of T.S.R. and ordered child support. Appellant failed to pay child support and incurred an arrearage of $27,051.68. Appellant petitioned the court for Rule 60.02 relief from the final order and requested a blood paternity test. The DNA test indicated that Appellant was not the father. The trial court relieved Appellant of his ongoing child support but required him to pay the child support arrearage. For the following reasons, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court Affirmed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and ALAN E. HIGHERS, J., joined.

Lynda F. Teems, Memphis, Tennessee, for the appellant, Marcus W. Reed.

Paul G. Summers, Attorney General and Reporter and Warren A. Jasper, Assistant Attorney General, for the State of Tennessee, Department of Human Services as Assignee of Laterica R. McKinney.

### OPINION

T.S.R. was born on September 22, 1992 to Laterica R. McKinney (McKinney). McKinney filed a petition to establish paternity against Marcus W. Reed (Reed) in Madison County. On October 22, 1993, the Madison County Juvenile Court entered an order declaring Reed the father of T.S.R. The order stated that Reed had been served and established Reed's monthly child support obligation at $364.92 beginning November 1, 1993. It appears from the record that Reed paid his child support obligation for eleven of the first fourteen months but made no payments thereafter. The case was transferred to Shelby County pursuant to the Uniform Reciprocal Enforcement of Support Act, the child support was set at $396.91 and the arrears in the amount of $2,178.71 were to be repaid at a rate of $52.50 per month. On October

24, 1995, the first income assignment order was entered, using the child support amount of $364.26 per month. Upon a filed petition for contempt against Reed, the juvenile court entered an order, in February of 1997, finding Reed in contempt for failure to pay child support. In March of 1997, another income assignment order was entered for $396.91 with an additional arrears payment of $42.00. In October of 1999, a third income assignment order was entered for $364.26 per month along with a monthly $55.74 arrears payment. On October 11, 2002, the juvenile court entered an order/notice to withhold income for child support showing a child support obligation of $567.01, and of that amount, $189.00 represented Reed's monthly arrearage.

Pursuant to Rule 60.02 of the Tennessee Rules of Civil Procedure, Reed filed a petition for relief from a final judgment, alleging that he was not the father of T.S.R and requesting a paternity blood test. After a hearing on the petition, the court ordered DNA tests. The results indicated that Reed was not the father. The juvenile court granted Reed prospective relief from the child support obligation but ordered him to pay the child support arrearage in the amount of $27,051.68. Reed timely filed his notice of appeal.

### Issues Presented

Reed raises the following issue, as we restate it, for review by this Court:

> Whether the trial court erred in refusing to discharge Reed of the child support arrearage.

Appellees raise the following additional issue, as we restate it, for our review:

> Whether the trial court erred in discharging Reed of his ongoing child support obligation.

### Standard of Review

We review the trial court's disposition of Reed's petition for relief, pursuant to Rule 60.02, in accordance with the following standard:

> A petition for relief under Rule 60.02 addresses itself to the sound discretion of the trial court. *Rogers v. Estate of Russell*, 50 S.W.3d 441, 445 (Tenn. Ct. App. 2001). Accordingly, we review such decisions under an abuse of discretion standard. *Id.* We have addressed this standard of review thusly:
>
> > Discretionary decisions must take applicable law into account and must be consistent with the facts before the court. *See Ballad v. Herzke*, 924 S.W.2d 652, 661 (Tenn. 1996) (holding that the trial court must give due consideration to the applicable law and facts).

Thus, the appellate courts will set aside a trial court's discretionary decision only when the decision is based on a misapplication of the controlling legal principles or on a clearly erroneous assessment of the evidence.

*State ex rel. Phillips v. Phillips*, E2001-02081-COA-R3-CV, 2002 WL 31662544, at \*2 (Tenn. Ct. App. Nov. 26, 2002)(*no perm. app. filed*)(quoting *Overstreet v. Shoney's, Inc.*, 4 S.W.3d 694, 709 (Tenn. Ct. App. 1999)).

## Child Support Arrearage

Reed argues that the trial court erred in refusing to find the order, declaring him to be the father and setting the child support obligation, null and void once the DNA results indicated that he was not the father. In seeking relief from the lower court for prospective and retroactive relief of the child support obligation, Reed relied upon Tennessee Rule of Civil Procedure 60.02 which provides in pertinent part:

On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: . . . (3) the judgment is void; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application . . . .

Tenn. R. Civ. P. 60.02. In his brief, Reed states that he could not find any reported cases in Tennessee declaring child support orders null and void based upon a disestablishment of paternity. Rather, Reed relies upon cases from other jurisdictions to support his argument. However, this Court recently addressed this issue in *State ex rel. Phillips v. Phillips*, E2001-02081-COA-R3-CV, 2002 WL 31662544, at \*1-3 (Tenn. Ct. App. Nov. 26, 2002)(*no perm. app. filed*). In *Phillips*, the Father, like Reed, made the following argument:

Father asserted that it would be inequitable to require him to pay the arrearage for Jack Daniel because a paternity test had revealed that he was not [Jack Daniel's] biological father. Father asked for prospective relief from paying any future child support for [Jack Daniel] and retrospective relief from the accumulated arrearage with respect to [Jack Daniel]. . . . Father relied upon Tenn. R. Civ. P. 60.02. He made specific allegations that seem to bring into play Rule 60.02(3) & (4) . . . .

*Phillips*, 2002 WL 31662544, at \*1. In response to Father's argument, this Court stated:

Father contends that since he has shown that he is not the natural father of Jack Daniel, he is entitled to have his outstanding child support arrearage forgiven insofar

-3-

as it relates to Jack Daniel's support. Unfortunately for Father, there is a statute that clearly precludes the relief he seeks:

> Any order for child support shall be a judgment entitled to be enforced as any other judgment of a court of this state and shall be entitled to full faith and credit in this state and in any other state. Such judgment shall not be subject to modification as to any time period or any amounts due prior to the date that an action for modification is filed . . . .

Tenn. Code Ann. § 36-5-101(a)(5) (Supp. 2002). The trial court did grant Father some relief. It decreed that he would not be responsible for Jack Daniel's future support. However, the above-quoted statutory language explicitly precludes the retrospective modification of the child support arrearage. The statute provides no exception for a case such as the one now before us on this appeal. The Supreme Court stated in *Rutledge v. Barrett*, 802 S.W.2d 604, 606-07 (Tenn. 1991):

> [The former] § 36-5-101 permitted reduction of arrearages when the obligor was "unable to pay through no fault of his own" and when retroactive modification was necessary "to meet the ends of justice."
>
> Those provisions are conspicuously absent from the provision in § 36-5-101(a)(5), which now controls this case. The 1987 amendment specifically bars retroactive modification and puts the burden on the obligor to come into court and seek any current or prospective relief to which he may be entitled, by means of a formal court order. To permit the interposition of traditional equitable defenses to the enforcement of child support orders would obviously defeat the very purpose of the amendment, by creating a situation where exceptions could easily swallow up the rule.

The 1987 revision to the statute bars courts from using equity to retrospectively modify child support awards. We are without authority to relieve Father of his child support arrearage with respect to Jack Daniel.

*Id.* at *2-3.

Having determined that Tenn. Code Ann. § 36-5-101 (Supp. 2002) and the Tennessee Supreme Court's interpretation of it precludes Reed's argument that the order should be declared null and void, this Court will now address Reed's estoppel argument. Reed argues that even if this Court is to hold that the order is still valid, principles of estoppel preclude Appellees from collecting the child support arrearage. Reed argues that after the February 1997 petition for contempt of court appearance, McKinney told Reed that he was not T.S.R.'s father and she

would notify the lower court. Reed further argues that it was not until he received the October 11, 2002, order/notice to withhold income for child support did he learn that McKinney had not corrected the child support proceedings. Reed seeks relief from the child support arrearage that accrued from the date of the alleged misrepresentation, February of 1997. However, the record reveals that there were two other income assignment orders entered, one in March of 1997 and one in October of 1999, between the 1997 contempt proceeding and the 2002 order. If McKinney told Reed that she would correct the child support information,[1] Reed was notified only one month after the alleged misrepresentation and could have sought relief at that time. This delay precludes Reed's estoppel argument. Accordingly, we affirm the trial court's decision to require Reed to pay his child support arrearage.

## Ongoing Child Support

In addition to requiring Reed to pay his child support arrearage, Appellees argue that Reed should not have been given prospective relief of his child support obligation because he did not timely petition for relief. To support their argument, Appellees rely upon Tennessee Rule of Civil Procedure 60.02:

> On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: . . . (3) the judgment is void; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application . . . . The motion shall be made *within a reasonable time* . . . .

Tenn. R. Civ. P. 60.02. (emphasis added). Appellees contend that Reed's Rule 60.02 petition for relief, filed in 2002, was not made within a reasonable time from the 1993 order declaring him to be the father. However, Reed had no concrete evidence to form a basis for Rule 60.02 relief until the DNA test indicated that he was not the father. His Rule 60.02 motion predated the DNA test results. Accordingly, we affirm the decision of the trial court to relieve Reed of the ongoing child support obligation.

---

[1]The record contains no evidence of McKinney's representations beyond Reed's allegation contained in his Rule 60.02 Petition for Relief.

## **Conclusion**

In light of the foregoing, we affirm the decision of the juvenile court relieving Reed from the ongoing child support obligation but requiring him to pay the child support arrearage in the amount of $27,051.68.  Costs of this appeal are taxed to the appellant, Marcus W. Reed, and his surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE