FILED
**August 9, 2024**
8:42 AM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Lauren Taylor | ) | Docket No. 2020-06-0517 |
| | ) | |
| v. | ) | State File No. 34641-2019 |
| | ) | |
| John & Stephanie Ingram, LLC, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Kenneth M. Switzer, Chief Judge | ) | |

---

### Affirmed and Certified as Final

---

This is the second appeal in this case involving severe injuries. The employee worked at a horse farm located in Franklin, Tennessee. The position required the employee to travel to horse shows in other states, and, while in South Carolina for such a show, a horse kicked the employee in the head. The employee received immediate emergency medical treatment as well as extensive rehabilitation for her traumatic brain injury at facilities located in Georgia and Nebraska. During the course of the employee's treatment and recovery, disputes arose over the employee's competency and who should represent her interests. A Georgia probate court ultimately appointed a conservator and a guardian ad litem for the employee. The conservator hired a lawyer in Tennessee to represent the employee in her workers' compensation claim, and the conservator, the employee's attorney, and the employer's attorney reached an agreement to settle the employee's workers' compensation claim under Tennessee law. Following a hearing at which the employee was not present, the Court of Workers' Compensation Claims approved the settlement. Thereafter, upon receipt of the settlement documents, the employee, acting in a self-represented capacity, filed a motion to set aside the settlement. The trial court denied the motion, determining the employee did not have standing to make the motion as she was still a ward in an active conservatorship in Georgia and was represented by counsel in Tennessee. The employee appealed, and we remanded the case to the trial court to determine whether Tennessee could exercise subject matter jurisdiction over the workers' compensation case. After a hearing, the trial court determined it did have subject matter jurisdiction. We then dismissed the appeal, agreeing with the trial court that the employee did not have standing under the facts of the case. Two years later, the employee again filed a motion to set aside the settlement, averring that the conservatorship had been terminated and the guardianship extinguished by a Missouri court and presenting the trial court with court orders to that effect. The trial

court determined that although the employee was no longer in an active conservatorship and was no longer incapacitated, the employee had not filed her motion to set aside the settlement within a reasonable time and thus denied the motion. The employee has appealed. Upon careful consideration of the record, we affirm the trial court's order and certify it as final.

Judge Meredith B. Weaver delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Pele I. Godkin joined.

Lauren Taylor, Foristell, Missouri, employee-appellant, pro se

John Barringer, Nashville, Tennessee, for the employer-appellee, John and Stephanie Ingram, LLC

## Factual and Procedural Background

This case has a long and complicated history. Lauren Taylor ("Employee") was originally hired in 2018 to work as an intern on a horse farm operated by John and Stephanie Ingram, LLC ("Employer"), in Franklin, Tennessee. The following year, Employer offered her full-time employment as a groom, which she accepted. Employee's work duties consisted of grooming, caring for, and exercising the horses, both at the farm in Franklin and at horse shows in various other states.

On May 12, 2019, Employee was at a horse show in Aiken, South Carolina, when a horse "double-barrel" kicked her in the head, causing a severe traumatic brain injury.[1] Following emergency medical care, Employee was transferred to the Shepherd Center in Atlanta, Georgia, for further care and rehabilitation. Employee's mother, Elaine Taylor ("Mother"), joined her there, and in June 2019, petitioned the Fulton County Georgia Probate Court ("the Probate Court") to establish a conservatorship on behalf of Employee with Mother as conservator and guardian. On September 10, the Probate Court issued Letters of Guardianship to Mother. It subsequently issued an order appointing Mother as conservator for Employee as well as issued Letters of Conservatorship in October 2019.

On November 19, 2019, over Mother's objection, Employee was transferred to a rehabilitation center in Omaha, Nebraska called Quality Life, Inc. In April 2020, while Employee was still treating at Quality Life, Employer's insurer filed a petition with the Probate Court asking for a temporary substitute guardian for Employee and alleging that Mother was not acting in Employee's best interests as conservator and guardian. One week later, the Probate Court appointed a Guardian ad Litem ("GAL") and instructed her to prepare a report advising the court as to whether Mother was acting in Employee's best

---

[1] Employee was later diagnosed with traumatic brain injury, neurocognitive disorder with memory deficit, and adjustment disorder, among other conditions.

interest as her guardian and conservator. Meanwhile, on May 2, 2020, Quality Life released Employee to live with Mother in Missouri and receive outpatient medical treatment there.

On May 7, 2020, the Probate Court issued an order appointing a temporary substitute conservator, William Jenkins ("Conservator Jenkins"), and then issued another order on July 9, 2020, naming Sharon Gorman as temporary substitute guardian ("Guardian Gorman").[2] Conservator Jenkins then retained Jeffrey S. Roberts ("Attorney Roberts") to serve as Employee's legal counsel in Tennessee to pursue her workers' compensation claim. Attorney Roberts filed a petition for benefit determination on July 8, 2020, seeking modifications to the home in Missouri, and Employer filed a petition regarding Employee's failure to comply with medical treatment on August 24, 2021. The Probate Court continued to reappoint Conservator Jenkins and Guardian Gorman throughout 2020 and 2021.

Although the record does not reflect that Employee had been placed at maximum medical improvement by any medical providers, Attorney Roberts and Employer negotiated an agreement for settlement of her workers' compensation claim. The agreement called for a settlement equal to ninety-nine percent of permanent total disability, or 2,202 weeks at Employee's compensation rate, to be administered through a special needs trust. The agreement also provided for the closure of medical benefits for an additional amount of $410,000, also to be administered through an annuity within the same special needs trust. Employer's counsel and Attorney Roberts signed the agreement, as did Conservator Jenkins and Guardian Gorman. Neither Employee nor Mother were present at the settlement approval hearing, and they did not sign the agreement. They both later alleged they were unaware of the settlement approval hearing.[3] Following a hearing at which the terms of the proposed settlement were presented and discussed, the Court of Workers' Compensation Claims ("the trial court") approved the settlement agreement on August 24, 2021. The Probate Court then approved the settlement on August 26, 2021, in its supervisory capacity over the conservatorship.

Thereafter, Mother sent correspondence to the trial court on September 15, 2021, indicating she and Employee had just received copies of the workers' compensation settlement agreement. She then filed a notice of appeal with us on September 23, 2021, indicating that the orders from the Probate Court reappointing Conservator Jenkins and Guardian Gorman, as well as approving the workers' compensation settlement, were being appealed. Employee also filed a motion to set aside the settlement with the trial court, and

---

[2] According to the May 7 order, the Probate Court's reasoning for removing Mother as conservator was her failure to post a bond and file an Inventory and Asset Management Plan as required by Georgia law and her purported interference with Employee's medical care.

[3] Although there is a purported transcript of the settlement approval hearing in the record, there is no indication it was prepared by a certified court reporter as required by Tenn. Comp. R. and Regs. 0800-02-22-.05(1). As such, we have not considered it in this appeal.

3

Employer filed a motion asking us to remand the case to the trial court for it to consider Employee's motion. We granted the motion to remand and held the appeal in abeyance. The trial court issued an order on October 7, 2021, denying the motion to set aside filed by Employee, finding Employee lacked standing as a ward of the state of Georgia and giving full faith and credit to the orders of the Probate Court pursuant to the United States Constitution.[4] At that point, the appeal before us proceeded, and we remanded the case a second time for the trial court to determine whether it could exercise subject matter jurisdiction over Employee's claim for workers' compensation benefits. Because Employee lived in Missouri at the time of the appeal, the injury happened in South Carolina, and treatment was rendered in Georgia and Nebraska, we asked the trial court to address whether Tennessee law afforded Employee a remedy as provided in Tennessee Code Annotated section 50-6-115(b)(2).

The trial court held an evidentiary hearing on November 18, 2021, during which Employer's financial assistant and a "barn manager" testified.[5] The trial court allowed Employee and Mother to listen to the hearing, but it did not allow them to participate. The financial assistant testified that Employer's principal office is in Nashville, Tennessee, as listed on the articles of organization. The barn manager testified that Employee began working for Employer as an intern in 2018 and was offered full time work in 2019. During that time, Employee resided with other employees in a home on a property next to Employer's farm in Franklin. When she accepted the position to be a groom, Employee completed an IRS Form W-4, an employee eligibility verification form, and a new employee form. Employee wrote the same address in Franklin, Tennessee on all three forms. The barn manager also testified he and Employee intended to live in a condominium in Brentwood, Tennessee, when they returned from the trip to South Carolina.

Based on these documents and the testimony summarized above, the trial court determined Tennessee law provided Employee a remedy and it could exercise subject matter jurisdiction over Employee's claim for benefits. Specifically, the court found that the employment was principally located in Tennessee and that, at the time of injury, Employee was a Tennessee resident and that there were substantial connections between the state of Tennessee and the employment relationship. Once it made that determination, the trial court reiterated its rationale for denying the motion to set aside the settlement. Thereafter, the appeal before us proceeded, and Conservator Jenkins filed a motion to dismiss the appeal, arguing Employee filed the appeal in a pro se capacity even though she was represented by counsel. In a December 20, 2021 order, we agreed and dismissed the appeal, stating, "When a party is represented by counsel, courts are only bound to recognize filings submitted by counsel."

---

[4] Article IV, section 1 of the United States Constitution states, "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State."

[5] There is not a transcript of the hearing contained in the record. The statements regarding the testimony at the hearing are reflected in the trial court's November 24, 2021 order.

Over two years later, on January 24, 2024, Employee filed another motion to set aside the settlement under Rule 60.02 of the Tennessee Rules of Civil Procedure. At that time, she alleged fraud on the part of Employer, Conservator Jenkins, and Guardian Gorman, as well as other people and organizations involved in her workers' compensation claim. She also argued the settlement was approved based, in part, on void judgments of other courts or on court orders that have been or will be vacated. Employee stated the conservatorship had been terminated by a court in Missouri and that she therefore had standing to contest the settlement. Employer filed a response in opposition to the motion and requested sanctions. The trial court issued an order on February 26, 2024, stating no documentation of the termination of the conservatorship had been filed and instructing Employee to file any such documentation within thirty days. Employee filed both an October 25, 2022 order terminating the conservatorship from a circuit court in Missouri and a November 11, 2022 order from the same court discharging the conservator and guardian. She also filed a letter to Employer, Conservator Jenkins, and Guardian Gorman, as well as GAL and all attorneys involved, indicating she had been notified the entity holding her special needs trust had filed for bankruptcy and both her "lost wages" account and her medical expenses account had been "compromised by a shortfall of assets." Employer did not file a response to these filings.

Upon receipt of these documents, the trial court issued another order dated March 21, 2024, in which it determined that although Employee had standing to file the motion, the settlement would not be set aside. The court reasoned that under Rule 60.02, an order can only be set aside due to fraud within one year of its entry, and Employee had filed this motion well over a year after the settlement had been approved and after the initial unsuccessful appeal, as well as over a year after her conservatorship was terminated and she regained capacity to act on her own behalf. It further found that the remaining circumstances of Rule 60.02 allowing the settlement to be set side did not apply because they require the motion to be filed within a reasonable time, and Employee's motion was not filed within a reasonable time. Finally, it denied Employer's Rule 11 request for sanctions due to procedural errors in the request. Employee has appealed.[6]

## Standard of Review

The standard we apply in reviewing a trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2023). When the trial judge has had the opportunity to observe a witness's demeanor and to hear in-court testimony, we give considerable deference to factual findings made by the trial court. *Madden v. Holland Grp. of Tenn., Inc.*, 277 S.W.3d 896, 898 (Tenn. 2009). However, "[n]o similar deference need be

---

[6] Employee also filed a motion to reconsider with the trial court on the same date as filing her notice of appeal. Both Employer and Attorney Roberts filed responses opposing the motion, and the trial court denied the motion while this appeal was pending.

5

afforded the trial court's findings based upon documentary evidence." *Goodman v. Schwarz Paper Co.*, No. W2016-02594-SC-R3-WC, 2018 Tenn. LEXIS 8, at *6 (Tenn. Workers' Comp. Panel Jan. 18, 2018). Similarly, the interpretation and application of statutes and regulations are questions of law that are reviewed *de novo* with no presumption of correctness afforded the trial court's conclusions. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2023).

## Analysis

On appeal, Employee raises a multitude of issues regarding the validity of the various orders from the Probate Court, as well as the trial court's decision to give full faith and credit to those orders. Employee also avers that the trial court lacked both personal and subject matter jurisdiction over her claim for workers' compensation benefits. For its part, Employer contends several of the issues Employee raises on appeal have been waived, as they were not raised at the trial court level. Furthermore, Employer argues the orders from the Probate Court are valid and that, even if they were invalid, Employee's current attempt to set aside the settlement based on the allegedly invalid orders is untimely.

### *Personal and Subject Matter Jurisdiction*

Jurisdiction is a threshold issue in this appeal. Employer contends that the trial court previously resolved the issue of subject matter jurisdiction, and it should not be re-litigated. Although the trial court held a hearing on subject matter jurisdiction, we did not address that issue in the first appeal because we dismissed the appeal on other grounds. Further, it still remains that "the issue of subject [] matter jurisdiction may be raised at any time during the proceedings, by the parties or by the court." *Wilken v. Wilken*, No. W2012-00989-COA-R3-CV, 2012 Tenn. App. LEXIS 907, at *10-11 (Tenn. Ct. App. Dec. 27, 2012) (citations omitted). Also, "[w]hether a court has subject matter jurisdiction over a case is a question of law that we review de novo with no presumption of correctness." *Morgan Keegan & Co., Inc. v. Smythe*, 401 S.W.3d 595, 602 (Tenn. 2013).

Tennessee Code Annotated section 50-6-115(b)(2) addresses a Tennessee court's authority to exercise jurisdiction over workers' compensation cases involving multiple states:

> If an employee, while working outside the territorial limits of this state other than temporarily, suffers an injury on account of which the employee . . . would have been entitled to the benefits provided by this chapter had the injury occurred within this state, the employee . . . shall be

6

entitled to the benefits provided by this chapter; provided, that at the time of the injury:

(A)   The employment was principally localized within this state;

(B)   The contract of hire was made in this state; or

(C)   If at the time of the injury the injured worker was a Tennessee resident and there existed a substantial connection between this state and the particular employer and employee relationship.

The parties here agreed that the contract of hire was not made in Tennessee, rendering subsection (B) inapplicable.  However, Employer contends, based on witness testimony and documentation completed by Employee at the time of hire, that the employment was principally localized within the state of Tennessee, that Employee was a Tennessee resident at the time of the injury, and that there were substantial connections between the state of Tennessee and the employment relationship.  For her part, Employee argues that the Probate Court in Georgia did not have the requisite jurisdiction to continue to deem Employee incompetent and maintain her status as a ward of the state of Georgia given that she resided in Missouri once her treatment in Georgia had concluded.  Therefore, according to Employee, the orders of the Probate Court were invalid, and Conservator Jenkins had no authority to hire a Tennessee attorney and present a proposed workers' compensation settlement to a Tennessee court.

We conclude Employee conflates the issues of subject matter jurisdiction and personal jurisdiction in her argument.  Prior to the current appeal, Employee did not assert that the trial court improperly exercised personal jurisdiction over the parties in this case. It is well settled that personal jurisdiction can be agreed to or waived.  *See, e.g.*, *Powers v. Franklin Cnty.*, No. 01-A-01-9002-CH-00081, 1990 Tenn. App. LEXIS 518 (Tenn. Ct. App. Aug. 1, 1990) ("jurisdiction of the person may be waived or conferred by consent"). Here, the trial court was presented with orders from another jurisdiction evidencing the appointment of a conservator and a guardian over Employee.  Employee has not established those orders were fraudulent, invalid, or otherwise improperly considered by the trial court. The attorney retained by the conservator filed a petition for benefits on Employee's behalf in July 2020 and presented the proposed settlement to the trial court for its consideration, subjecting Employee and the conservatorship to the personal jurisdiction of the trial court. Thus, we conclude the issue of personal jurisdiction has been waived.

Furthermore, neither we nor the Court of Workers' Compensation Claims has the authority to ascertain the jurisdictional authority of a court in another state with respect to the appointment of conservators and/or guardians.  "The Tennessee Court of Workers' Compensation Claims is a court of statutorily defined, *limited* jurisdiction.  The court was created as of July 1, 2014, to have 'original and exclusive jurisdiction over all contested

claims for workers' compensation benefits.'" *Martinez v. ACG Roofing, Inc.*, No. 2021-08-0059, 2023 TN Wrk. Comp. App. Bd. LEXIS 31, at *10-11 (Tenn. Workers' Comp. App. Bd. July 12, 2023). The Workers' Compensation Law, itself, limits its scope to "[e]very employer and employee subject to this chapter" who are obligated to "pay and accept compensation for personal injury or death by accident arising primarily out of and in the course and scope of employment." Tenn. Code Ann. § 50-6-103 (2023). As such, the jurisdiction of the Probate Court and the legal validity of orders issued by that court are questions for Georgia courts. However, irrespective of the orders from the Probate Court establishing Employee's conservatorship, it is still our role to address the threshold question of whether the trial court had subject matter jurisdiction over Employee's workers' compensation claim pursuant to Tennessee law.

As noted above, Employee was under a conservatorship and did not have an opportunity to testify or provide any evidence at the initial hearing on subject matter jurisdiction. However, on appeal, she has not argued that the evidence presented at that hearing was false or that the trial court erred in considering it. Among other things, the proof contains three documents completed by Employee just before her injury indicating a home address in Tennessee. There was undisputed testimony that Employee resided with other employees at a Tennessee location during her employment in Tennessee and planned to return to Tennessee following the trip to South Carolina. Articles of organization identified Nashville, Tennessee as the principal place of business for Employer. Our review of this documentary evidence leads us to conclude the trial court did not err in determining Employee was a Tennessee resident at the time of the injury and that there was a substantial connection between the state of Tennessee and Employee's relationship with Employer. Thus, we conclude the Court of Workers' Compensation Claims properly determined it had subject matter jurisdiction over Employee's claim for workers' compensation benefits in accordance with Tennessee Code Annotated section 50-6-115(b) and could consider the proposed settlement.

*Rule 60 Motion to Set Aside*

Employee next contends the settlement approved by the court in August 2021 should be set aside pursuant to Rule 60.02 of the Tennessee Rules of Civil Procedure, which states in part:

> On motion . . ., the court may relieve a party or the party's legal representative from a final judgment . . . for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) fraud . . ., misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based had been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application; or (5) any other reason justifying relief from the operation of the

judgment. The motion shall be made within a reasonable time, and for reasons (1) and (2) not more than one year after the judgment, order[,] or proceeding was entered or taken.

Employee argued in her motion to set aside the settlement that all of the grounds contained in Rule 60.02 existed in this case, with the exception of "mistake, inadvertence, surprise, or excusable neglect." Employee makes numerous statements in both her brief on appeal and her affidavit filed with the trial court alleging fraud and collusion on the part of Employer, Employer's counsel, Conservator Jenkins, Guardian Gorman, and GAL. Employee also posits that the determinations of the Probate Court are void due to either the alleged fraud or fatal defects in the procedures of that court, and as such, the trial court erred in giving full faith and credit to the orders.

To be successful, a motion to set aside pursuant to Rule 60.02 must be supported by clear and convincing evidence. *McCracken v. Brentwood United Methodist Church*, 958 S.W.2d 792, 795 (Tenn. Ct. App. 1997). "Clear and convincing evidence means evidence in which there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence." *Hodges v. S. C. Toof & Co.*, 833 S.W.2d 896, 901 n.3 (Tenn. 1992). "In other words, the evidence must be such that the truth of the facts asserted [is] 'highly probable.'" *Goff v. Elmo Greer & Sons Constr. Co.*, 297 S.W.3d 175, 187 (Tenn. 2009) (quoting *Teter v. Republic Parking Sys., Inc.*, 181 S.W.3d 330, 341 (Tenn. 2005)). In general, "the bar for attaining relief is set very high and the burden borne by the movant is heavy." *Johnson v. Johnson*, 37 S.W.3d 892, 895 n.2 (Tenn. 2001). For the reasons noted below, we conclude Employee has not met this burden.

*Allegations of Fraud*

First, Employee asserts numerous fraudulent acts occurring from the date of injury through the date of settlement approval involving Employer, Employer's attorneys, Conservator Jenkins, Guardian Gorman, GAL, the Probate Court, medical providers, and others. She does so through an affidavit completed by herself and Mother, but she did not offer any evidence to support the accusations. Mere allegations are not evidence. *See, e.g.*, *Akers v. Dale*, 1988 Tenn. App. LEXIS 706 (Tenn. Ct. App. Nov. 4, 1988) ("[M]ere allegations of an act of fraud . . . [are] insufficient without facts evidencing a fraudulent intent."). Here, there is simply no clear and convincing evidence in the record of any such acts of fraud or fraudulent intent.

Moreover, Employee's motion also fails with respect to timeliness. The trial court approved the settlement on August 24, 2021, and Employee's conservatorship was terminated on October 25, 2022. Employee did not file her motion to set aside the settlement until January 24, 2024, over two years after the settlement approval and fifteen months after she regained capacity as determined by the Missouri court. As such, even if the record contained evidence of fraud, which it does not, we agree with the trial court that

9

this order cannot be set aside pursuant to Rule 60.02(2) of the Tennessee Rules of Civil Procedure, which requires a motion to set aside based on fraud to be filed within one year of the entry of the judgment.

*Validity of Order Approving Settlement*

Next, Employee argues that the trial court's order approving the settlement is invalid because it was based, in part, on the orders of the Probate Court establishing her conservatorship and thus taking away her legal standing in her workers' compensation case, which she claims are void. She lists numerous reasons why the Probate Court's orders were void, but her arguments hinge on whether those orders are unconstitutional or otherwise contravene Georgia law in appointing and reappointing Conservator Jenkins, Guardian Gorman, and GAL. She further questions the timing of several orders of the Probate Court. She argues that, because these orders are legally void, Attorney Roberts was not properly retained, the involvement of Conservator Jenkins and Guardian Gorman was improper, and the settlement agreement and order approving the settlement are invalid. For its part, Employer asserts that any challenges to the Probate Court's orders are within the jurisdiction of Georgia courts and that the trial court was correct in giving those orders full faith and credit under Tennessee law and the United States Constitution. Employer argues in the alternative that even if the orders were invalid, Employee did not file her motion to set aside within a reasonable time within the meaning of the Tennessee Rules of Civil Procedure. We agree with Employer on both counts.

As the trial court correctly noted in its initial denial of the motion to set aside, dated October 7, 2021, it did not have authority to determine the validity of court orders issued in another state in another cause of action. It, and we, are compelled pursuant to the United States Constitution and the statutes of the state of Tennessee to give full faith and credit to the "public Acts, Records, and judicial Proceedings" of other states when they are properly authenticated. *See* U.S. Const., art. IV, §1; *see also* Tenn. Code Ann. § 26-6-101 *et seq*. These mandates apply to all courts in the state of Tennessee. The record on appeal contains no evidence whatsoever that a Georgia court has invalidated or declared void any order issued by the Probate Court in this case. Thus, we conclude that there is no evidence in the record supporting Employee's contention that Conservator Jenkins and Guardian Gorman were improperly appointed and/or that Attorney Roberts was improperly retained to represent Employee's interests and present the negotiated settlement to the trial court for approval.

Furthermore, for a judgment to be set aside due to voidness or for "any other reason justifying relief," as stated in Rule 60.02, the party seeking the relief must file the motion within a "reasonable time." The trial court concluded that the fifteen months that elapsed

between the termination of Employee's conservatorship and her filing the motion to set aside was not a reasonable time.[7]

"Whether a Rule 60.02[] motion is filed within a reasonable time is a question of fact for the trial court, and [we] will review the trial court's determination under the abuse of discretion standard." *Walker v. Nissan N. Am., Inc.*, No. M2009-00273-COA-R3-CV, 2009 Tenn. App. LEXIS 585, at *6 (Tenn. Ct. App. Aug. 21, 2009) (citing *Rogers v. Estate of Russell,* 50 S.W.3d 441, 445 (Tenn. Ct. App. 2001)). An abuse of discretion occurs if the trial court "applied incorrect legal standards, reached an illogical conclusion, based its decision on a clearly erroneous assessment of the evidence, or employ[ed] reasoning that causes an injustice to the complaining party." *Konvalinka v. Chattanooga-Hamilton Cnty. Hosp. Auth.*, 249 S.W.3d 346, 358 (Tenn. 2008). Here, the order terminating the conservatorship was entered by a Missouri court on October 25, 2022, but the most recent motion to set aside the workers' compensation settlement was not filed until January 24, 2024, approximately fifteen months later. Employee has offered no explanation for this delay. Thus, we conclude the trial court did not abuse its discretion in finding that the amount of time that passed between Employee's regaining legal capacity and the filing of her motion to set aside the settlement was not reasonable. As such, the court's determination in that regard is also affirmed.

## Conclusion

For the foregoing reasons, we affirm the trial court's order in all respects and certify it as final. Costs on appeal are taxed to Employee.

---

[7] There has been at least one workers' compensation settlement set aside after a longer period of time. In *Dennis v. Erin Truckways, Ltd.*, the employee sought to have his workers' compensation settlement set aside twenty-two months after the initial settlement agreement had been approved. *Dennis v. Erin Truckways, Ltd.*, 188 S.W.3d 578, 585-586 (Tenn. 2006). However, the employee in that case requested the settlement be deemed void for a lack of compliance with Tennessee Code Annotated section 50-6-206, which at the time required the Commissioner's designee, if the settlement was not being approved in a court of law, to confirm "the employee is receiving, substantially, the benefits provided by the Workers' Compensation Law." *Id.* at 587; *see also* Tenn. Code Ann. § 50-6-206(c)(1)(B) (2005). Further, the employee in *Dennis* was not informed of his right to have his settlement approved by a judge in a court of law rather than a designee at the Tennessee Department of Labor. *Id.* at 587; *see also* Tenn. Code Ann. § 50-6-206(c)(3)(B) (2005). The Supreme Court agreed that the approval of the settlement did not comply with the procedural safeguards mandated by Tennessee Code Annotated section 50-6-206 and set aside the settlement. *Dennis*, at 588-589. Furthermore, it specifically determined it need not analyze whether the settlement could be set aside under Rule 60.02 of the Tennessee Rules of Civil Procedure as "the trial court did not rely on [that] rule in setting aside the settlement." *Id.* at 589. Tennessee Code Annotated section 50-6-206 has since been repealed, and now the sole authority to approve workers' compensation settlements lies with the judges of the Court of Workers' Compensation Claims pursuant to Tennessee Code Annotated sections 50-6-238(a)(3) and 50-6-240. In circumstances such as are present in this case, they are required to determine the settlement provides "substantially" the benefits to which the employee is entitled under the Workers' Compensation Act. Tenn. Code Ann. § 50-6-240(a) (2023). The trial court's order approving the settlement confirms that it made that determination in this case.

11



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Lauren Taylor | ) | Docket No.    2020-06-0517 |
| | ) | |
| v. | ) | State File No.  34641-2019 |
| | ) | |
| John & Stephanie Ingram, LLC, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Kenneth M. Switzer, Chief Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 9th day of August, 2024.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Lauren Taylor Elaine Taylor | | | | X | laurentaylor135@hotmail.com rosewood321@icloud.com |
| John Barringer Jenna Macnair | | | | X | jbarringer@manierherod.com jmacnair@manierherod.com sknack@manierherod.com |
| Jeffrey S. Roberts | | | | X | jeff@middletninjury.com |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Matthew Keene
Acting Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-532-1564
Electronic Mail: WCAppeals.Clerk@tn.gov