# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
March 27, 2012 Session

## JENNIFER FERRARI-BULLOCK v. JUSTIN RANDALL

**Appeal from the Circuit Court for Davidson County**
**No. 09D2745     Carol Soloman, Judge**

**No. M2011-01528-COA-R3-CV - Filed June 28, 2012**

This appeal involves an order of protection obtained by Wife against Husband in 2009 and the extension of that order of protection in 2010. We find no basis for Rule 60 relief with respect to the original order of protection. As to the child support provisions in the amended order of protection, we vacate and remand for a determination consistent with the child support guidelines.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed in Part, Vacated and Remanded in Part**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which PATRICIA J. COTTRELL, P.J., M.S., and FRANK G. CLEMENT, JR., J., joined.

Lance Brandon Mayes, Brentwood, Tennessee, for the appellant, Justin Randall.

Amanda Raye Thornton and Mark Robb Thompson, Nashville, Tennessee, for the appellee, Jennifer Ferrari-Bullock.

## OPINION

### FACTUAL AND PROCEDURAL BACKGROUND

Jennifer Ferrari-Bullock ("Wife") and Justin Troy Randall ("Husband") were married in 1992 and have four minor children. On September 21, 2009, Wife filed a petition for orders of protection on behalf of herself and the parties' four minor children against Husband in Davidson County Circuit Court. On the petition, Wife checked a box indicating that she was "not aware of any prior pending actions concerning the custody of the parties' minor child(ren) in this or any other State." Wife described an incident that allegedly occurred on February 1, 2009, when Husband physically restrained Wife in the kitchen and put her and

the children in fear. She also described a conversation that allegedly occurred the next day in which one of the children expressed concern about Husband's treatment of Wife. According to Wife, Husband was a "control freak" who would become angry and bully her and the children. She alleged that he harassed and frightened her and the children. The court issued an ex parte order of protection.

The matter was heard on September 30, 2009, and the court entered an order of protection finding that Husband had committed abuse as described in the petition. Wife was awarded custody of the children, and Husband was given supervised visitation one day a week. Furthermore, Husband was ordered to pay $1,400 per week "for the support of the parties' minor child(ren) based on the Tennessee Child Support Worksheet attached hereto." No child support worksheet was attached to the order, however. Husband was also ordered to complete a domestic violence program for 26 weeks.

On October 16, 2009, Husband filed a motion to set aside support order on the grounds that the Circuit Court of Sumner County had jurisdiction over child support at the time the order of protection was entered. Wife had filed a petition for divorce in Sumner County Circuit Court on May 20, 2009. In June 2009, the Sumner County court entered an order requiring Husband to pay $3,000 per month in temporary child support. On August 19, 2009, the Sumner County court entered an order of dismissal in response to Wife's request. Then, on September 18, 2009, Wife filed a motion to set aside the order of dismissal in Sumner County. This motion was heard on the morning of September 30, 2009–the same day as the Davidson County order of protection hearing–and the Sumner County court entered an order setting aside the order of voluntary dismissal. Based upon these facts, Husband argued that the Sumner County court had jurisdiction over child support and that the support order entered in conjunction with the Davidson County order of protection should be set aside.

On November 6, 2009, Husband filed another motion in Davidson County: a motion to set aside the parenting time provision of the order of protection. The basis for this motion, too, was his assertion that the Sumner County court had jurisdiction over child support and custody matters. The hearing on these motions was continued until November 30, 2009, at Wife's request. On that day, the court denied Husband's motion to set aside the child support in the order of protection. Wife filed a motion for contempt and other relief based upon Husband's alleged willful failure to comply with the court's orders.

Meanwhile, back in Sumner County, Wife filed a request to transfer the divorce action to Davidson County. After a hearing on November 24, 2009, in an order entered on December 7, 2009, the court denied Wife's request to transfer based upon its finding that the Sumner County court "was and continues to be the proper venue for this divorce action

pursuant to Tennessee Code Annotated § 36-4-105(a)."[1] On November 25, 2009, Wife filed a notice of voluntary dismissal. On December 29, 2009, the court entered an agreed order voluntarily dismissing Husband's complaint for divorce.

In February 2010, Wife's attorney filed a motion to withdraw in Davidson County Circuit Court, and the court granted the motion. As to the pending petition for contempt, the court ordered that the matter remain on the docket for February 24, 2010, and that if Wife failed to appear, the petition would be dismissed. No further action appears in the record.

On September 20, 2010, Wife filed a motion in Davidson County to modify/extend the order of protection entered on September 30, 2009. She alleged that Husband had violated the order of protection and "continues to tell people there is no order of protection and that Judge Soloman does not have jurisdiction in Texas." After a hearing on October 1, 2010, the court entered an amended order of protection, with the same restrictions and child support provisions, stating that the order would remain in effect for a period of ten years "based on a second or subsequent violation of the Order of Protection."

Husband filed a petition to modify the order of protection and a petition for Rule 60 relief. He argued that the Davidson County court lacked subject matter jurisdiction because none of the parties lived in Davidson County or, in the alternative, that the Davidson County court should decline to exercise jurisdiction over child support because of pending proceedings in Texas. According to copies of documents filed as exhibits to Husband's Rule 60 petition, Wife had filed a petition for divorce in Milam County, Texas, on November 30, 2009.

The pending motions were heard on May 23, 2011. In its order, entered on June 30, 2011, the court found that "since Mother stated she may move to Tennessee the [Rule 60] motion is denied." Child support was to remain at $1400.00 per week. The court stated that it "determined Father's income based on one bank statement" and that "child support was based on what Mother stated she needed to care for the minor children." Husband filed a notice of appeal from the June 30, 2011 order of the Circuit Court of Davidson County.

---

[1]The court made the following findings:

The parties resided in Sumner County, Tennessee for more than six (6) months prior to the filing of the Complaint for Divorce, the grounds for divorce arose while the parties were residents of Sumner County, the parties were residents of Sumner County at the time of their separation, and the Defendant currently resides in Sumner County.

-3-

The record on appeal includes transcripts of proceedings in the Davidson County court on October 11, 2010, March 25, 2011, and May 23, 2011. The record does not include a transcript of the original order of protection hearing on September 30, 2009.

ANALYSIS

Husband makes two main arguments in this case: (1) that the Davidson County Circuit Court lacked subject matter jurisdiction and/or proper venue to grant the original order of protection; and (2) that the Davidson County Circuit Court erred in setting child support.

*Order of protection*

In addressing Husband's first argument, we begin by clarifying the relevant procedural posture of the case. Husband appeals from the Davidson County court's June 30, 2011 order denying his motion for Rule 60 relief from the court's October 1, 2010 order extending the order of protection for ten years. His basic position is that the original order of protection, issued on September 30, 2009, is void because the court lacked subject matter jurisdiction and, therefore, the extension of that order of protection in October 2010 was erroneous. It is important to note that Husband did not appeal the trial court's November 30, 2009 order denying his motions to set aside the original order of protection.

Tennessee Rule of Civil Procedure 60.02 allows a court to relieve a party from a final judgment or order for certain reasons, including because "the judgment is void." Rule 60 provides an "exceptional remedy," acting as an "escape valve from possible inequity." *Nails v. Aetna Ins. Co.*, 834 S.W.2d 289, 294 (Tenn. 1992); *Thompson v. Firemen's Fund Ins. Co.*, 798 S.W.2d 235, 238 (Tenn. 1990). The burden is on the moving party to establish its entitlement to this extraordinary relief. *Brumlow v. Brumlow*, 729 S.W.2d 103, 106 (Tenn. Ct. App. 1986). We review a trial court's decision to grant or deny a motion for Rule 60 relief under the abuse of discretion standard. *Kelso v. Decker*, 262 S.W.3d 307, 310 (Tenn. Ct. App. 2008); *Rogers v. Estate of Russell*, 50 S.W.3d 441, 444 (Tenn. Ct. App. 2001). Under the abuse of discretion standard, a reviewing court cannot substitute its judgment for the trial court's judgment. *Wright ex rel. Wright v. Wright*, 337 S.W.3d 166, 176 (Tenn. 2011). Rather, a reviewing court will find an abuse of discretion only if the trial court "applied incorrect legal standards, reached an illogical conclusion, based its decision on a clearly erroneous assessment of the evidence, or employ[ed] reasoning that causes an injustice to the complaining party." *Konvalinka v. Chattanooga–Hamilton Cnty. Hosp. Auth.*, 249 S.W.3d 346, 358 (Tenn. 2008); *see also Lee Med., Inc. v. Beecher,* 312 S.W.3d 515, 524 (Tenn. 2010).

-4-

Husband argues that the Davidson County court lacked subject matter jurisdiction to issue the order of protection in September 2009. If a court lacks subject matter jurisdiction, its judgment is void. *Brown v. Brown*, 281 S.W.2d 492, 497 (Tenn. 1955); *First Am. Trust Co. v. Franklin-Murray Dev. Co., L.P.*, 59 S.W.3d 135, 141 (Tenn. Ct. App. 2001). The basis for Husband's argument is Tenn. Code Ann. § 36-3-602(c), regarding orders of protection:

> Venue for a petition for an order of protection, and all other matters relating to orders of protection, shall be in the county where the respondent resides or the county in which the domestic abuse, stalking or sexual assault occurred. If the respondent is not a resident of Tennessee, the petition may be filed in the county where the petitioner resides.

Under this provision, venue was in the county where Husband resided or the county where the alleged domestic abuse occurred. Husband asserts that, at the time of court's entry of the original order of protection, he resided in Sumner County and the alleged abuse also occurred in Sumner County. Therefore, he argues, proper venue was in Sumner County.

There are several problems with Husband's argument. First, the record does not contain a transcript of the September 30, 2009 hearing at which the court issued the original order of protection. Without a transcript or statement of the evidence, "there is a conclusive presumption that there was sufficient evidence before the trial court to support its judgment." *Outdoor Mgmt., LLC v. Thomas*, 249 S.W.3d 368, 377 (Tenn. Ct. App. 2007). Second, transcripts from later hearings upon which Husband relies contain clear pronouncements by the trial court to the effect that at least some of the acts about which Wife complained in her petition had occurred in Davidson County.[2] The evidence does not preponderate against the trial court's findings, which make venue proper in Davidson County.

A third flaw in Husband's jurisdictional argument is that he appears to conflate venue and subject matter jurisdiction. Subject matter jurisdiction concerns "a court's power to adjudicate a particular type of case." *Staats v. McKinnon*, 206 S.W.3d 532, 541 (Tenn. Ct. App. 2006); *see also Kane v. Kane*, 547 S.W.2d 559, 560 (Tenn. 1977). Subject matter jurisdiction cannot be waived. *Landers v. Jones*, 872 S.W.2d 674, 675 (Tenn. 1994). Venue is "the personal privilege of a defendant to be sued in particular counties." *Kane*, 547 S.W.2d at 560. Venue may be waived and is waived when a defendant "defends upon the merits without first interposing an objection to improper venue." *Id.*; *see also Sw. Williamson Cnty. Comm. Ass'n v. Saltsman*, 66 S.W.3d 872, 882 (Tenn. Ct. App. 2001).

---

[2]At the May 23, 2011 hearing, the court stated: "I think the proof has been clear the acts claimed of in the original order . . . a year and a half ago, that they occurred in Davidson County."

-5-

Tennessee Code Annotated § 36-3-602(c) addresses venue, not jurisdiction. In this case, we have no transcript to inform us as to whether Husband objected to venue at the hearing, so we must presume that the judgment is supported by the evidence. Moreover, the Husband's first pleading in the record, a motion to set aside the support order, challenged the court's jurisdiction to set child support, not its jurisdiction to issue the order of protection. Thus, it appears that Husband waived any objection to venue.

The merit of Husband's jurisdictional argument depends upon his apparent assumption that venue and jurisdiction are one and the same in this case. He cites no authority, and we know of none, which suggests that Tenn. Code Ann. § 36-3-602(c) is jurisdictional. Husband also cites Tenn. Code Ann. § 20-4-101, the statute concerning transitory actions, but this statute applies to "civil actions of a transitory nature, unless venue is otherwise expressly provided for." With respect to orders of protection in domestic matters, Tenn. Code Ann. § 36-3-602(c) expressly provides for venue in such cases. Even if Tenn. Code Ann. § 20-4-101(b) did apply here, Husband's argument would fail. Tennessee Code Annotated § 20-4-101(b) has been interpreted as localizing jurisdiction for an otherwise transitory action. *Curtis v. Garrison*, 364 S.W.2d 933, 936 (Tenn. 1963); *Pack v. Ross*, 288 S.W.3d 870, 872 (Tenn. Ct. App. 2008). That subsection, however, applies only if the plaintiff and defendant reside in the same county in the state of Tennessee; according to Husband's assertions, Wife resided in Texas when she filed the petition for an order of protection. Subsection (a), which provides for venue in the county where the action arose or the county where the defendant resides, applies to all other transitory actions and has not been held to be jurisdictional. Tenn. Code Ann. § 20-4-101(a); *Pack,* 288 S.W.3d at 872.

We find no abuse of discretion in the trial court's decision to deny Husband's motion for Rule 60 relief.

*Child support in original order of protection*

With respect to the trial court's setting of child support in its original order of protection, Husband argues that the trial court lacked jurisdiction and that it erred in failing to set support pursuant to the child support guidelines.

Husband asserts that the trial court lacked subject matter jurisdiction to set child support in its original order of protection because the Sumner County court had issued an order setting child support. It is important to review the sequence of events. Wife instituted divorce proceedings in the Sumner County circuit court in May 2009, and the court entered an agreed order for temporary child support in the amount of $3,000 per month in June 2009. On August 19, 2009, however, the Sumner County divorce proceedings were dismissed at Wife's request. Thus, when Wife filed her petition for an order of protection in Davidson

County Circuit Court on September 21, 2009, there were no pending proceedings in Sumner County.[3] The divorce proceedings were reinstituted by the Sumner County court on September 30, 2009, but Wife's petition was again dismissed on December 7, 2009, and Husband's countercomplaint was dismissed on December 29, 2009.

Circuit courts have subject matter jurisdiction over divorces and orders of protection. These two avenues of relief are not mutually exclusive. Tennessee Code Annotated § 36-3-603 states:

> (a) If an order of protection is ordered by a court and either the petitioner or respondent files a complaint for divorce, the order of protection shall remain in effect until the court in which the divorce action lies modifies or dissolves the order.
>
> (b) Nothing in this section shall prohibit a petitioner from requesting relief under this section in a divorce action.

Thus, "the legislature recognized and intended that Orders of Protection can co-exist with other injunctive relief granted pursuant to a divorce." *Wiser v. Wiser*, No. M2010-02222-COA-R3-CV, 2011 WL 4729870, at *4 (Tenn. Ct. App. Oct. 7, 2011). The trial court had subject matter jurisdiction to enter the order of protection, regardless of whether there were ongoing divorce proceedings.[4]

Husband also challenges the original order of protection's child support provisions on the basis that the court did not follow the child support guidelines or give any reason for deviating from the guidelines. This argument must fail.

As noted in Part I above, this appeal concerns a request for Rule 60 relief; it is not a direct appeal of the original order of protection. We review the trial court's denial of Rule 60 relief under an abuse of discretion standard. *Kelso*, 262 S.W.3d at 310; *Rogers*, 50 S.W.3d at 444. A trial court's failure to apply the child support guidelines correctly or to state its reasons for deviating from the guidelines does not justify setting aside a final order. *See Henderson v. Wilson*, No. M2009-01591-COA-R3-CV, 2011 WL 683905, at *7 (Tenn.

---

[3]Wife had filed a motion to set aside the dismissal, but this had not been acted upon by the court.

[4]During the brief period when the Sumner County divorce was reinstated (from September 30, 2009 through December 29, 2009), the Davidson County court resolved any inconsistency between the two orders regarding child support by providing that "the Respondent shall receive credit for any child support payments made under either the Davidson County Order or the Sumner County Order."

Ct. App. Feb. 25, 2011); *Frazier v. Frazier*, 72 S.W.3d 333, 337 (Tenn. Ct. App. 2001); *Haas v. Haas*, No., 02A01-9709-CV-00241, 1998 WL 599529, at *4 (Tenn. Ct. App. Sept. 11, 1998).

*Child support in amended order of protection*

The only remaining issue is the validity of the child support provisions in the order extending the order of protection for ten years.

The amended order of protection was entered on October 11, 2010, and the trial court denied Husband's motion in opposition to this order on June 30, 2011. This appeal followed. Thus, with respect to the amended order of protection, Husband filed a timely appeal and is not limited to the grounds previously discussed as to Rule 60 relief.

Husband argues that the trial court lacked subject matter jurisdiction to extend the child support obligation because of divorce litigation pending in Milam County, Texas. Wife filed the petition for divorce in Texas in November 2009. There is limited information in the record on appeal regarding the status of this litigation. As discussed above with respect to the Sumner County divorce, there is no inherent conflict between an order of protection and ongoing divorce proceedings. Pursuant to Tenn. Code Ann. § 36-3-603(a), the provisions of the order of protection "shall remain in effect until the court in which the divorce action lies modifies or dissolves the order." An order of protection may include provisions for child support. Tenn. Code Ann. § 36-3-606(a)(7).

With respect to child support issues, the Uniform Interstate Family Support Act ("UIFSA"), Tenn. Code Ann. § 36-5-2201 *et seq.*, governs interstate jurisdictional questions. Tennessee Code Annotated § 36-5-2205(a) provides:

> A tribunal of this state issuing a support order consistent with the law of this state has continuing, exclusive jurisdiction over a child support order:
>
> (1) As long as this state remains the residence of the obligor, the individual obligee, or the child for whose benefit the support order is issued; or
> (2) Until all of the parties who are individuals have filed written consents with the tribunal of this state for a tribunal of another state to modify the order and assume continuing, exclusive jurisdiction.[5]

---

[5]An amended version of this provision, enacted by chapter 901 of the 2010 Tennessee Public Acts, has not yet taken effect.

In this case, Husband remains a resident of Tennessee. Thus, there is no jurisdictional issue under UIFSA. Unless and until a divorce court chooses to take some action regarding child support, the trial court's order remains effective. *See* Tenn. Code Ann. § 36-3-603(a).

Husband further argues that the trial court erred in failing to set child support in accordance with the child support guidelines. We agree.

Regulations of the Tennessee Department of Human Services specify that the child support guidelines shall apply to orders of protection and any "other actions in which the provision of support for children is established by law." Tenn. Comp. R. & Regs. § 1240-2-4-.01(2)(b)(4), (5). The order of protection form employed by the trial court provides for child support "based upon the Tennessee Child Support Worksheet attached hereto," but the order includes no such worksheet, and the court failed to indicate whether there had been any deviation from the guidelines. At the May 23, 2011 hearing, the court made the following statements regarding its initial child support award:

> MR. MAYES [attorney for Husband]: Fourteen hundred dollars a week would far exceed –
>
> THE COURT: It would far exceed child support guidelines. But it allows you to consider living arrangements, if she's working and – I don't remember if she was working. I don't remember how we came to that figure, other than than what she told me she knew.
>
> MR. MAYES: Well, if she told Your Honor that's what she needed was $1400 a week, I don't know that. There's no income and expense statement provided. The actual order, Your Honor –
>
> THE COURT: No. They don't do that in orders of protection.
>
> MR. MAYES: Understood, Your Honor. I'm just saying there's nothing in the file to denote how Your Honor –
>
> THE COURT: They said their food bill is $1600 a month, supplement to amend to $1500 a month, and she needs [$]6,000 per month, because just their meds and their food were [$]3,000.

Wife testified at the May 23, 2011 hearing that she had estimated Husband's income ($3,000 to $5,000 a month) at the original order of protection hearing and submitted one bank statement. In its order denying Husband's petition for relief, the trial court stated that it had

based the child support provisions in the original order of protection on one bank statement and Wife's statements concerning her needs. The child support guidelines base child support upon the income of the parties. Tenn. Comp. R. & Regs. § 1240-2-4-.03.

As the trial court acknowledged, its child support award was not based upon the child support guidelines. For the reasons discussed in Part 2 above, the trial court's failure to follow the trial court guidelines in the original order of protection is not a basis for Rule 60 relief. When Wife petitioned the court to modify or extend the order of protection, however, she was asking the court to continue requiring Husband to pay child support. Husband has filed an appeal of that decision. With respect to the amended (extended) order of protection, we conclude that the trial court erred in failing to follow the guidelines and that the child support award should therefore be vacated and the matter remanded for a determination in compliance with the guidelines.

Although trial courts have discretion to deviate from the child support guidelines, they must support such a deviation with specific written findings. Tenn. Code Ann. § 36-5-101(e)(1)(A); Tenn. Comp. R. & Regs. § 1240-2-4-.07(1)(b); *Atkins v. Motycka*, No. M2007-02260-COA-R3-CV, 2008 WL 4831314, at *7 (Tenn. Ct. App. Nov. 6, 2008). If, in its discretion, a trial court decides to deviate from the amount of support required by the guidelines, it must state in its order the basis for the deviation, the amount the child support order would have been without the deviation, and why application of the child support guidelines would be unjust or inappropriate. Tenn. Code Ann. § 36-5-101(e)(1)(A); Tenn. Comp. R. & Regs. § 1240-2-4-.07(1)(b); *Atkins*, 2008 WL 4831314, at *7. The court in this case failed to support its deviation from the child support guidelines with specific findings.

CONCLUSION

We vacate the child support provisions in the trial court's amended order of protection and remand for a determination consistent with the child support guidelines. The trial court shall hold a prompt hearing to determine the appropriate amount of child support and make any adjustments in future payments necessary to account for overpayments or underpayments made by Husband. In all other respects, we affirm the trial court's decision. Costs of this appeal are assessed equally to the parties, and execution may issue if necessary.

_____
ANDY D. BENNETT, JUDGE

-10-