IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
June 1, 2021 Session

## ELIZABETH KAY TOMES v. MICHAEL JOE TOMES

**Appeal from the Circuit Court for Montgomery County**
**No. MC-CC-CV-DN-11-119      Ross H. Hicks, Judge**

_____

### No. M2020-00833-COA-R3-CV

_____

In this post-divorce dispute, the wife challenges the trial court's determination that she was in contempt of the divorce decree for failing to return certain personal property to the husband. We find no error in the trial court's contempt ruling or in its denial of the wife's motion for Rule 60 relief. Therefore, we affirm the trial court's decision in all respects.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed

ANDY D. BENNETT, J., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR., P.J., M.S., and W. NEAL MCBRAYER, J., joined.

Robert Lee Jackson, II, and Robert Todd Jackson, Brentwood, Tennessee, for the appellant, Elizabeth Kay Tomes.

Sharon T. Massey, Clarksville, Tennessee, for the appellee, Michael Joe Tomes.

### OPINION

FACTUAL AND PROCEDURAL BACKGROUND

Elizabeth Kay Tomes ("Wife") and Michael Joe Tomes ("Husband") were divorced pursuant to a final decree entered in August 2012. Wife appealed the trial court's order, and the decision was affirmed by this court in November 2013. *See Tomes v. Tomes*, No. M2012-02441-COA-R3-CV, 2013 WL 6196296 (Tenn. Ct. App. Nov. 22, 2013).

In January 2017, Wife filed a petition for civil contempt alleging that Husband failed to pay temporary spousal support and TVA retirement benefits as ordered in the trial court's final decree. Wife further asserted that Husband failed to inform her whether he was receiving social security benefits and that she was entitled to half of those benefits. Husband answered, denying Wife's allegations, and filed a counterpetition asserting that

Wife was in contempt of the final decree due to her failure to return his personal belongings to him as ordered by the trial court.

In March 2019, the trial court granted Husband's motion to file a corrected qualified domestic relations order (QDRO) clarifying the proper distribution of his retirement benefits. Wife filed a motion pursuant to Tenn. R. Civ. P. 60 in December 2019 seeking amendment of the trial court's final divorce decree. She alleged that, since the divorce, she had learned of Husband's entitlement to a pension from the Boilermaker-Blacksmith National Pension Fund and that this information had not been disclosed during the divorce proceedings.

A hearing was held on May 6, 2020, on Wife's petition for contempt and Rule 60 motion as well as Husband's counterpetition. After the hearing, each party submitted a list of personal property items at issue and their estimated values. The trial court entered its order on May 14, 2020. Thereafter, each party filed a proposed statement of the evidence and objections to the other party's proposed statement. In September 2020, the trial court entered an order striking and amending the May 14, 2020 order to correct "certain omissions and deficiencies" the court found in the original order "[i]n the process of reviewing the competing statements of the evidence."

In its amended order, the trial court concluded that Husband was entitled to a judgment against Wife in the amount of $7,379.23 for overpayments from his TVA retirement benefits. The court also determined that Wife was in contempt for refusing to provide Husband with his personal property. The court found Husband's affidavit testimony regarding the missing items credible and awarded judgment against Wife in the amount of $3,038.00. The trial court denied Wife's Rule 60 motion because Husband "has not received any pension from the Boilermaker fund and the third QDRO entered on April 4, 2020 has corrected the underpayment/overpayment issues which arose through no fault" of Husband. Nevertheless, the trial court awarded Wife $27.98 a month from Husband for her share of the Boilermaker pension. The trial court entered its approved statement of the evidence on the same day as the entry of the amended order.

In this appeal, Wife raises the following issues:

1. Whether Wife's right to procedural due process was violated because she did not receive adequate notice of the issues to be heard.
2. Whether the trial court abused its discretion in finding Wife guilty of an unspecified number of counts of an unspecified type of contempt.
3. Whether the trial court erred by proceeding with a civil contempt trial when civil contempt was not the appropriate charge for some of the allegations made by Husband.
4. Whether the trial court's failure to separate the proceedings and to provide Wife with adequate notice prejudiced Wife.

5. Whether the trial court made adequate findings of fact and conclusions of law pursuant to Tenn. R. Civ. P. 52.
6. Whether the trial court erred in denying Wife's Rule 60 motion and in failing to award her a sum certain as her portion of the Boilermaker retirement account.
7. Whether Wife should be granted attorney fees and costs on appeal.

ANALYSIS

I.      Procedural due process.

Wife argues that her right to procedural due process was violated "because she did not have notice that either of the competing contempt petitions or the issue of retirement overpayment were going to be heard on the May 6, 2020 Zoom motion hearing" and her attorney "did not have the opportunity to prepare or present evidence in her defense or in prosecution of her case."

Procedural due process requires that litigants "'be given an opportunity to have their legal claims heard at a meaningful time and in a meaningful manner.'" *State ex rel. Groesse v. Sumner*, 582 S.W.3d 241, 258 (Tenn. Ct. App. 2019) (quoting *Lynch v. City of Jellico*, 205 S.W.3d 384, 391 (Tenn. 2006)). Notice and a meaningful opportunity to be heard are essential components of procedural due process. *Manning v. City of Lebanon*, 124 S.W.3d 562, 566 (Tenn. Ct. App. 2003). The record in the present case, however, does not support Wife's argument that she did not receive sufficient notice or an opportunity to be heard at the May 6, 2020 hearing.

Wife filed a notice on December 30, 2019 setting a hearing on her motion for Rule 60 relief for May 6, 2020. In her pre-trial brief, Wife argued, in part, that she was not receiving the proper amount of retirement benefits related to Husband's TVA pension. Husband's April 28, 2019 pre-trial brief addressed Husband's TVA retirement, the Boilermaker retirement, and Husband's contempt petition against Wife. In addition, Husband filed a notice of filing with exhibits, including exhibits pertaining to his TVA retirement and Social Security benefits and photographs of the personal property that Wife allegedly failed to return to him. If Wife was not prepared to address all of these issues at the May 6, 2020 hearing, she could have filed a motion for a continuance or objected prior to the hearing. Moreover, the statement of the evidence provides that, prior to the beginning of the hearing, the parties agreed that the following issues were to be resolved at the hearing: Wife's petition for contempt, Husband's counterpetition for contempt, and Wife's Rule 60 motion.

Under the circumstances, we conclude that Wife waived any objection to the court hearing all of these issues at the May 6, 2020 hearing.[1] *See Berg v. Berg*, No. M2018-00720-COA-R3-CV, 2018 WL 2170018, at *3 (Tenn. Ct. App. May 8, 2018).

II.    Contempt.

In this section, we will consider all of Wife's issues related to the trial court's rulings on Husband's contempt petition against her:  whether civil contempt was the appropriate cause of action, whether the trial court erred in failing to separate the proceedings and to give Wife adequate notice of her rights, whether the trial court erred in finding Wife guilty of civil contempt, and whether the trial court's contempt order is sufficient under Tenn. R. Civ. P. 52.

We review a trial court's use of its contempt power under an abuse of discretion standard. *Sumner*, 582 S.W.3d at 250.  An abuse of discretion occurs when the trial court "applie[s] incorrect legal standards, reache[s] an illogical conclusion, base[s] its decision on a clearly erroneous assessment of the evidence, or employ[s] reasoning that causes an injustice to the complaining party." *Konvalinka v. Chattanooga-Hamilton Cnty. Hosp. Auth.*, 249 S.W.3d 346, 358 (Tenn. 2008).

As discussed above, the statement of the evidence does not state that Wife raised any objections to the hearing of the contempt petition against her on May 6, 2020.  Rather, the statement of the evidence provides that all parties agreed to the resolution of this claim at the hearing.  Pursuant to Tenn. R. App. P. 36(a), this court is not required to grant relief "to a party responsible for an error or who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error." *See also Norfleet v. Norfleet*, No. M2013-00652-COA-R3-CV, 2014 WL 1408146, at *5 (Tenn. Ct. App. Apr. 9, 2014) (citing Tenn. R. App. P. 36 where contemnor failed to object at trial to the "court's failure to specify whether criminal or civil contempt was at issue" and failed to "ask that the proof be bifurcated"). Furthermore, for the reasons outlined below, we see no evidence of any error by the trial court.

A.  Type of contempt.

What type of contempt did Husband assert in this case? There are two types of contempt, civil and criminal. Criminal contempt is punitive in nature, and the primary purpose of sanctions for criminal contempt is to "vindicate the court's authority." *Long v. McAllister-Long*, 221 S.W.3d 1, 12 (Tenn. Ct. App. 2006). Due to their punitive nature, criminal contempt proceedings require many of the due process protections that apply to

---

[1] Wife's reliance on *Mayer v. Mayer*, 532 S.W.2d 54, 59-60 (Tenn. Ct. App. 1975), is misplaced.  Wife received a hearing in the present case whereas, in *Mayer*, the trial court made a decision without holding a hearing.

- 4 -

other criminal proceedings, including adequate notice, a presumption of innocence, the right to an attorney, and the requirement that guilt be proven beyond a reasonable doubt. *Norfleet*, 2014 WL 1408146, at \*4.

An action for civil contempt is brought to enforce private rights when a party refuses or fails to comply with a court order. *Black v. Blount*, 938 S.W.2d 394, 398 (Tenn. 1996). Civil contempt sanctions are "remedial and coercive in character." *Thomas v. Miller*, No. M2013-01485-COA-R3-CV, 2015 WL 899421, at \*7 (Tenn. Ct. App. Feb. 27, 2015). A civil contempt proceeding can serve two purposes. *Cremeens v. Cremeens*, No. M2014-01186-COA-R3-CV, 2015 WL 4511921, at \*7 (Tenn. Ct. App. July 24, 2015). If the goal of a civil contempt proceedings "is to obtain [the contemnor's] compliance in the future, civil contempt is only available if the party has the present ability to comply with the trial court's order." *Id.* Such a proceeding can "also serve a compensatory function, providing 'relief to a party who has suffered unnecessarily as a result of contemptuous conduct.'" *Id.* (quoting *XL Sports, Ltd. v. Lawler*, No. M2006-00637-COA-R3-CV, 2007 WL 2827398, at \*6 (Tenn. Ct. App. Sept. 28, 2007).

The divorce decree in this case states that, "The Husband is awarded his guns and any other personal property in the possession of the Wife." In his counterpetition for contempt, Husband requested that Wife be found in contempt "for her failure to return all of [Husband's] belongings as ordered by this Honorable Court." Wife argues that she could not comply with the trial court's order at the time of the contempt hearing because she had given some of the items at issue to the parties' son and that, therefore, with respect to these items, the trial court was sanctioning her for criminal contempt. We disagree.

This court has previously stated that, "'a party cannot willfully disable himself from obeying an order of court and then set up his inability as a defense to a charge of contempt.'" *Hopwood v. Hopwood*, No. M2016-01752-COA-R3-CV, 2017 WL 2964886, at \*5 (Tenn. Ct. App. July 12, 2017) (quoting *Hawk v. Hawk*, 855 S.W.2d 573, 583 (Tenn. 1993)). The relevant question in this case is whether Wife had the ability to pay the damages awarded by the trial court because, in its order finding Wife in contempt, the trial court did not order Wife to return Husband's personal property items. *See Boren v. Hill Boren, P.C.*, No. W2017-02383-COA-R3-CV, 2018 WL 5044669, at \*8 (Tenn. Ct. App. Oct. 17, 2018). Moreover, the burden of proof is on the contemnor to prove that he or she is unable to comply with the court's order. *Id.* The record contains no evidence that Wife offered any such evidence below.

Wife further argues that this is an action for criminal contempt because the trial court awarded damages. Subsection (a) of Tenn. Code Ann. § 29-9-104 addresses contempt for "an omission to perform an act which it is yet in the power of the person to perform," and subsection (b) provides: "The person or if same be a corporation, then such person or corporation can be separately fined, as authorized by law, for each day it is in

contempt until it performs the act *or pays the damages ordered by the court.*"[2] (Emphasis added). Prior to 2011, Tenn. Code Ann. § 29-9-104(b) did not include the language regarding damages. After the damages language was added in 2011, this court has interpreted Tenn. Code Ann. § 29-9-104(b) to authorize compensatory damages awards in cases involving the contemnor's failure to perform an act ordered by the trial court. *See St. John-Parker v. Parker*, No. E2018-01536-COA-R3-CV, 2020 WL 1491371, at *15 (Tenn. Ct. App. Mar. 27, 2020) (upholding award of damages in civil contempt action for failure to pay alimony or provide proof of insurance); *Boren*, 2018 WL 5044669, at *8 (upholding award of civil contempt damages for failure to turn over a server).

The amount of damages awarded by the court, $3,038.00, is the exact amount of Husband's valuation of the personal property he alleged to be retained by Wife. The purpose of the court's award was to compensate Husband for his loss, not to vindicate the court's authority. Thus, the trial court found Wife in civil contempt, not criminal contempt. This conclusion pretermits Wife's argument that she should have received the notice required for criminal contempt and that the proceedings should have been bifurcated.

B. Trial court's finding of civil contempt.

Wife further argues that the trial court erred in finding her guilty of civil contempt because "it did not make findings of all the necessary elements of contempt" and "the order alleged to have been violated was not clear, specific, and unambiguous."

To prove a claim for civil contempt based on allegations of disobedience of a court order, the petitioner must prove four elements:

> First, the order alleged to have been violated must be "lawful." Second, the order alleged to have been violated must be clear, specific, and unambiguous. Third, the person alleged to have violated the order must have actually disobeyed or otherwise resisted the order. Fourth, the person's violation of the order must be "willful."

*Konvalinka*, 249 S.W.3d at 354-55 (footnotes omitted). In this case, Husband alleged that Wife violated the final decree of divorce, and Wife has not challenged the legality of that order.

---

[2] Tennessee Code Annotated section 29-9-105(a) provides that, "If the contempt consists in the performance of a forbidden act, the person may be imprisoned until the act is rectified by placing matters and person in status quo, *or by the payment of damages*." (Emphasis added). Because Tenn. Code Ann. § 29-9-104 authorized the trial court to order damages in the circumstances at issue, we need not address Wife's argument regarding Tenn. Code Ann. § 29-9-105(a).

As to the second element of proof, Wife asserts that the final divorce decree was not "clear, specific, and unambiguous." In that decree, the court awarded Husband "his guns and any other personal property in the possession of the Wife." Wife argues that the trial court's order was not sufficiently clear as to what property she was to return, how Husband would receive it, and "whether or not [Wife] is under an order to facilitate [Husband] getting the separate property." The clarity element requires that "the order expressly and precisely spells out the details of compliance in a way that will enable reasonable persons to know exactly what actions are required or forbidden." *Id.* at 355. The determination of "whether an order is sufficiently free from ambiguity to be enforced in a contempt proceeding is a legal inquiry that is subject to de novo review." *Id.* at 356. Moreover, "[o]rders alleged to have been violated should be construed using an objective standard that takes into account both the language of the order and the circumstances surrounding the issuance of the order, *including the audience to whom the order is addressed*." *Id.* (Emphasis added).

It is important to note that, in the divorce decree, the trial court found that, "[s]hortly before the filing of the divorce, the [parties'] house burned." The trial court further found: "The Wife agreed in her testimony to return the husband's guns and personal property so the Husband is awarded his guns and other personal property from the Wife's storage." Thus, the trial court's ruling was tailored to the agreed state of affairs described by the parties. Under these circumstances, we conclude that the final divorce decree was sufficiently clear and unambiguous regarding Wife's obligation to allow Husband to retrieve his property from the storage unit.

The third element for civil contempt is the contemnor's actual violation of the order. In its final order of contempt, the trial court made the following pertinent findings:

> [Wife] is found in contempt of this Court's orders as she admitted under oath that she refused to provide certain personal property to [Husband] as previously ordered by this Court. Instead she gave some of the property to her adult son and instructed him not to give the property to [Husband]. The Court further finds that she retained other items which she had been ordered to return to [Husband].

Furthermore, the statement of the evidence summarizes the pertinent portion of Wife's testimony as follows:

> 3. After initially denying giving away any of [Husband's] property [Wife] admitted that she had given her adult son some of the items which she acknowledged to be the property of [Husband], and that she did not want to give them to [Husband] because she was afraid that he would give them to his new wife, just like his grandfather had done previously. She acknowledged that she was ordered to turn over the personal property of

[Husband] to him, but had failed and refused to do so, including his guns. She specifically admitted under oath that she had kept his guns, specifically a pistol and a glock, and admitted to keeping antique whiskey jugs, dishes, jewelry, and [Husband's] grandmother's sewing machine.

4. Photographs were admitted showing items that were provided to the adult son and she admitted that she had given those items to him and that they belonged to [Husband] and should have been provided to him.

Based upon the statement of the evidence, which is the only record of what happened at the contempt hearing, we conclude that the trial court's contempt determination is supported by the evidence.

Finally, the one petitioning for contempt must establish that the contemnor's violation of the court's order was willful. For these purposes, willful conduct "'consists of acts or failures to act that are intentional or voluntary rather than accidental or inadvertent.'" *Id.* at 357 (quoting *State ex rel. Flowers v. Tenn. Trucking Ass'n Self Ins. Grp. Trust*, 209 S.W.3d 602, 612 (Tenn. Ct. App. 2006)). To be willful, a person's actions must be "'the product of free will rather than coercion,'" and he or she must be "'a free agent, know[ing] what he or she is doing, and intend[ing] to do what he or she is doing.'" *Id.* (quoting *State ex rel. Flowers*, 209 S.W.3d at 612). According to the trial court's contempt order, Wife "admitted under oath that she refused to provide certain personal property" to Husband. Acknowledging that her actions were the product of free will, Wife nevertheless argues that her actions were not willful because the divorce decree was ambiguous. We have already rejected Wife's argument regarding the clarity of the divorce decree.

The record supports the trial court's contempt determination, and we find no merit in Wife's argument that the trial court erred.

C. Tennessee Rule of Civil Procedure 52.

Wife asserts that the trial court failed to make specific findings regarding each of the four elements for a claim of civil contempt as required by Tenn. R. Civ. P. 52.

Pursuant to Tenn. R. Civ. P. 52.01, in cases tried without a jury, "the court shall find the facts specially and shall state separately its conclusions of law . . . ." Rule 52 has been applied in the context of civil contempt. *See Spigner v. Spigner*, No. E2013-02696-COA-R3-CV, 2014 WL 6882280, at *11 (Tenn. Ct. App. Dec. 8, 2014). The following principles apply in determining the sufficiency of factual findings:

"[T]he findings of fact must include as much of the subsidiary facts as is necessary to disclose to the reviewing court the steps by which the trial court

reached its ultimate conclusion on each factual issue." 9C *Federal Practice and Procedure* § 2579, at 328. Courts need not make findings on stipulated or undisputed facts, unless conflicting inferences can be drawn from undisputed facts. [*Konvalinka*, 249 S.W.3d] at 332-33.

*Lovlace v. Copley*, 418 S.W.3d 1, 35 (Tenn. 2013). As stated above, the trial court made factual findings, including its findings that Wife admitted, under oath, that "she was ordered to turn over the personal property of [Husband] to him, but had failed and refused to do so" and that she had kept listed items of his personal property. Under these circumstances, we know of no authority (and Wife has cited none) requiring the trial court to make specific findings on each element of civil contempt.

D. Rule 60 relief.

Wife argues that the trial court erred in denying her motion for Rule 60.02 relief and in failing to award her a sum certain for her portion of Husband's Boilermaker retirement account. Tennessee Rule of Civil Procedure 60.02 allows a party to obtain relief from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment.

Rule 60 provides an "exceptional remedy," *Nails v. Aetna Ins. Co.*, 834 S.W.2d 289, 294 (Tenn. 1992), and acts as an "escape valve from possible inequity," *Thompson v. Firemen's Fund Ins. Co.*, 798 S.W.2d 235, 238 (Tenn.1990). The burden is on the moving party to establish his or her entitlement to this extraordinary relief. *Brumlow v. Brumlow*, 729 S.W.2d 103, 106 (Tenn. Ct. App. 1986). We review a trial court's decision to grant or deny a motion for Rule 60 relief under the abuse of discretion standard. *Kelso v. Decker*, 262 S.W.3d 307, 310 (Tenn. Ct. App. 2008). Under the abuse of discretion standard, a reviewing court cannot substitute its judgment for the trial court's judgment. *Wright ex rel. Wright v. Wright*, 337 S.W.3d 166, 176 (Tenn. 2011).

In December 2019, Wife moved for Rule 60 relief from the divorce decree, which was entered on August 20, 2012. The basis for her motion was that, since the divorce, she had "discovered that Husband was also entitled to a pension from the Boilermaker-Blacksmith National Pension Fund that was never disclosed in discovery or mentioned

throughout the divorce litigation."[3]  In its September 2020 order, the trial court denied Wife's Rule 60 motion on the ground that Husband had "not received any pension from the Boilermaker fund and the third QDRO entered on April 4, 2020 has corrected the underpayment/overpayment issue which arose through no fault of [Husband]."  The trial court further stated that Wife failed to meet her burden of proof on the Rule 60 motion. Nevertheless, the court proceeded to make an award of $27.98 gross per month to Wife to reflect her portion of the Boilermaker pension.  The court gave Husband discretion as to whether he would pay this award monthly or yearly or treat it as a credit on the judgment due to him.

On appeal, Wife does not point to any specific error in the trial court's decision to deny her Rule 60 motion and acknowledges that, by awarding her $27.98 per month, the court "grant[ed] [her] the relief she requested despite denying her Motion."  Wife's complaint is that the court did not explicitly grant her a judgment for half of the Boilermaker retirement, or $658.94.  At oral argument, Wife asserted that the trial court's order left open the possibility that Husband would "never pay."

We find no abuse of discretion here.   In the event that Husband fails to follow the trial court's order regarding the Boilermaker pension, Wife may pursue enforcement through the trial court.

In light of the foregoing conclusions, Wife is not entitled to her attorney fees on appeal.

CONCLUSION

The judgment of the trial court is affirmed.  Costs of this appeal are assessed against the appellant, Elizabeth Kay Tomes, and execution may issue if necessary.


_/s/ Andy D. Bennett_____
ANDY D. BENNETT, JUDGE

---

[3] Wife did not identify which subsection of Rule 60.02 would justify her claim for relief.  We note that, with respect to the two reasons that seem most applicable here—(1) (mistake, inadvertence) and (2) (fraud, misrepresentation, or other conduct of the adverse party), Rule 60.02 requires that the motion must be brought within no more than one year of the order being challenged.  Here, Wife's motion was filed some seven years later.